2007 WY 153

Denise Kay PRICKETT, n/k/a Denise Kay Wendelin, Appellant (Plaintiff),

v.

Bradley Kent PRICKETT, Appellee (Defendant).

No. 06–282.

Supreme Court of Wyoming.

Sept. 25, 2007.

Representing Appellant: Eric Eugene Jones, Wheatland, Wyoming.

Representing Appellee: Ronald G. Pretty, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]  Appellant Denise Wendelin, formerly Denise Prickett, claims that the district court erred in its decision that Wyoming, not Nebraska, retains exclusive, continuing jurisdiction pursuant to Wyo. Stat. Ann. § 20–5–302 over custody and visitation issues arising from the parties' Wyoming divorce decree. Alternatively, she contends that the district court abused its discretion in failing to decline jurisdiction pursuant to Wyo. Stat. Ann. § 20–5–307 because Nebraska courts provide the most convenient forum.  We affirm.

## ISSUES

[¶ 2]  Ms. Wendelin presents the following issues:

1. Are the District Court's findings that the State of Nebraska did not have jurisdiction of the child custody case contrary to the evidence?

2. Are the District Court's findings that Wyoming is the most convenient forum for child custody and visitation arbitrary and capricious?

## FACTS

[¶ 3]  Ms. Wendelin and Bradley Prickett were married in 1991 in Torrington, Wyoming.  During their marriage, the couple had two children.  Ms. Wendelin filed a petition for divorce in Wyoming, and the district court granted the petition and dissolved the marriage on December 5, 2001.  The court awarded Ms. Wendelin primary custody of the couple's children, and set out a comprehensive visitation schedule for Mr. Prickett.  In the summer of 2002, Ms. Wendelin moved with the children to Nebraska.  In 2003, in response to a petition filed by Mr. Prickett, the Wyoming district court entered an order modifying visitation.

[¶ 4]  The current conflict began in the summer of 2006 when Mr. Prickett filed a motion in the Wyoming district court entitled "Motion To Enforce August 20, 2003 Order Regarding Visitation With The Minor Children And To Determine That The Wyoming Order Is Controlling And That Wyoming Has Continuing, Exclusive Jurisdiction In This Case." The motion alleged in pertinent part that the original Wyoming divorce decree was modified by order of the Wyoming district court on August 20, 2003, and that in September 2005, "the District Court of Lincoln County Nebraska . . . entered an order in this case which changed the visitation schedule with the minor children."  The Ne-

braska order was attached to the motion. In his motion, Mr. Prickett asserted that "pursuant to the UCCJEA Defendant believes Wyoming has continuing exclusive jurisdiction of this matter and that the Wyoming Order entered August 20, 2003 is the controlling Order."

[¶ 5] Ms. Wendelin responded with a motion to dismiss in which she asserted that the Wyoming district court did not have subject matter jurisdiction to determine custody and visitation issues related to the original decree. Alternatively, she claimed that, pursuant to Wyo. Stat. Ann. § 20–5–307, Wyoming was an inconvenient forum for the custody proceeding. In support of her motion, she alleged that the Nebraska order was controlling and relied upon a stipulation of the parties in which they agreed that the Wyoming decree "may be registered and enforced in the State of Nebraska."

[¶ 6] The district court held a hearing in August 2006. It was undisputed that Mr. Prickett continued to reside in Wyoming and that Ms. Wendelin lived in Nebraska. Additionally, the parties stipulated to several facts. Specifically, they agreed on the dates that Ms. Wendelin and the children moved to Nebraska and that it was currently the children's home state, that Mr. Prickett exercised his summer visitation in Wyoming, that there were no domestic violence issues in the case, that the distance between the Wyoming and Nebraska courthouses was approximately 200 miles, that either state could expeditiously hear the case, and that the Nebraska court had entered an order modifying visitation in 2005.

[¶ 7] Mr. Prickett testified that the children spend their weekend and summer visitation at his residence in Wyoming, and that, in light of his work schedule, the Wyoming custody order was preferable. Ms. Wendelin also testified. Her testimony largely focused on her assertion that Mr. Prickett had agreed to the Nebraska visitation schedule. She also testified that the children had been attending Nebraska schools for four years, and that their counselors were in Nebraska.

[¶ 8] The district court took the matter under advisement and subsequently issued a decision letter concluding that it retained exclusive, continuing jurisdiction pursuant to Wyo. Stat. Ann. § 20–5–302, the Nebraska order notwithstanding. The court also determined that Wyoming was an appropriate forum to resolve visitation and custody issues and rejected Ms. Wendelin's request that the court decline jurisdiction on the basis of the inconvenient forum provisions of Wyo. Stat. Ann. § 20–5–307. Ms. Wendelin now appeals.

## *DISCUSSION*

[¶ 9] We review a district court's decision regarding its jurisdiction in child custody matters *de novo*. *Ritter v. Ritter*, 989 P.2d 109, 111 (Wyo.1999). In contrast, we review a court's decision whether or not to decline jurisdiction under the inconvenient forum provisions of Wyo. Stat. § 20–5–307 for an abuse of discretion. *Id.*

[¶ 10] This case requires us to apply Wyoming's version of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Wyo. Stat. Ann. §§ 20–5–201 through 20–5–502 (LexisNexis 2007). Because the divorce decree originated in Wyoming, the district court must initially determine if it retains exclusive, continuing jurisdiction pursuant to Wyo. Stat. Ann. § 20–5–302. If the court concludes that it has jurisdiction, it must then decide whether it should decline jurisdiction pursuant to Wyo. Stat. Ann. § 20–5–307 because the other state provides a more appropriate forum for resolution of the issues presented.

[¶ 11] Ms. Wendelin first claims that the district court's finding that it retained exclusive, continuing jurisdiction was contrary to the evidence. She relies on Wyo. Stat. Ann. § 20–5–302(a), which states:

(a) Except as provided in W.S. 20–5–304, a court of this state which has made a child custody determination consistent with W.S. 20–5–301 or 20–5–303 has exclusive, continuing jurisdiction over the determination until:

(i) A court of this state determines that the child, the child's parents, and any person acting as a parent do not have a significant connection with this state *and* that substantial evidence is no longer

available in this state concerning the child's care, protection, training and personal relationships; or

(ii) A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state.

(Emphasis added.) We have previously recognized, when interpreting statutes, that the word "and" is conjunctive. *Clark v. State ex rel. Wyo. Workers' Safety and Comp. Div.*, 968 P.2d 436, 438 (Wyo.1998). Webster's recognizes that the word "and" is "used in logic as a sentential connective that forms a complex sentence which is *true only if both constituent sentences are true.*" Webster's New Collegiate Dictionary 43 (1977) (emphasis added). The use of the conjunctive "and" thus requires both (a)(i) conditions to be met. In order to prevail, Ms. Wendelin must establish that neither parent has "a significant connection with this state." The evidence is undisputed that Mr. Prickett still lives in Wyoming and, therefore, has a significant connection with the state. Utilizing a straightforward approach, the district court applied an unambiguous statutory provision to an undisputed fact and determined that it retained jurisdiction because the two-part test of Wyo. Stat. Ann. § 20–5–302(a)(i) was not met.

[¶ 12] Nevertheless, Ms. Wendelin claims that Wyo. Stat. Ann. § 20–5–302 supports her position. She asserts that section (a)(i) contains two tests, either of which divests a Wyoming court of jurisdiction. She contends that the Wyoming court loses continuing jurisdiction if neither parent has a significant connection with the state *or* there is no longer substantial evidence available in the state. Because the children have been living in Nebraska, she contends that the second test under section (a)(i) is met because "substantial evidence is no longer available" in Wyoming. Wyo. Stat. Ann. § 20–5–302(a)(i). In effect, Ms. Wendelin asks us to interpret the statutory provision "and" as "or." We decline to do so.

[¶ 13] Alternatively, Ms. Wendelin contends that the district court abused its discretion in rejecting her request to decline

jurisdiction. She makes two claims relevant to the inconvenient forum statute, Wyo. Stat. Ann. § 20–5–307. The first is that Mr. Prickett consented to jurisdiction in Nebraska. The second is that Nebraska is simply the better forum. The applicable inconvenient forum statute states:

(a) A court of this state which has jurisdiction under this act to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.

(b) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

(i) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(ii) The length of time the child has resided outside this state;

(iii) The distance between the court in this state and the court in the state that would assume jurisdiction;

(iv) The relative financial circumstances of the parties;

(v) Any agreement of the parties as to which state should assume jurisdiction;

(vi) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(vii) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(viii) The familiarity of the court of each state with the facts and issues in the pending litigation.

(c) If a court of this state determines that it is an inconvenient forum and that a court

of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper.

(d) A court of this state may decline to exercise its jurisdiction under this act if a child custody determination is incidental to an action for divorce or another proceeding while still retaining jurisdiction over the divorce or other proceeding.

Wyo. Stat. Ann. § 20–5–307.

[¶ 14] In its decision letter, the district court wrote:

> The Court finds that Wyoming is not an inconvenient forum to determine issues of visitation. Evidence about visitation is just as likely to be in Wyoming, where the Defendant [Mr. Prickett] exercises his visitation, as in Nebraska. The children have not lived away from Wyoming for a lengthy time, the distance between the parties is not substantial, the parties both earn reasonable incomes, and this Court is familiar with the case and able to expeditiously determine the issue. Although the Nebraska Order recites that "the parties stipulate that the Judgment from the State of Wyoming may be registered and enforced in the State of Nebraska," such a stipulation does not confer Nebraska with jurisdiction to *modify* the Wyoming Order.

(Emphasis in original.) The excerpt demonstrates that the court did consider the factors identified in Wyo. Stat. Ann. § 20–5–307. The court's factual findings are supported by evidence contained in the record. Additionally, we find no error in the district court's analysis of the parties' stipulation regarding registration and enforcement of the original decree in Nebraska.

[¶ 15] Nebraska allows foreign custody orders to be registered in Nebraska to ease enforcement of those orders. Neb.Rev.Stat. § 43–1252 (2007). Once registered, the order is enforceable "in the same manner as a determination issued by a court of [Nebraska]." *Id.* The Wyoming district court properly recognized the distinction between Mr. Prickett consenting to registration of his Wy-

oming custody order and consenting to Nebraska taking jurisdiction. Even if Mr. Prickett had agreed to jurisdiction in Nebraska, that would only be one of the factors to be weighed and considered. Wyo. Stat. Ann. § 20–5–307(b)(v).

[¶ 16] Additionally, we note that Nebraska has also adopted the UCCJEA, with jurisdictional requirements nearly identical to those set forth in Wyo. Stat. Ann. §§ 20–5–301 to 20–5–310. *See* Neb.Rev.Stat. §§ 43–1238 through 43–1247. Specifically, Neb. Rev.Stat. § 43–1240 (2007) provides:

> Except as otherwise provided in section 43–1241, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under subdivision (a)(1) or (a)(2) of section 43–1238 and:
>
> > (1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 43–1239 or that a court of this state would be a more convenient forum under section 43–1244; or
> >
> > (2) a court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

This statutory provision is substantially identical to Wyo. Stat. Ann. § 20–5–303. There is no evidence in the record that the Nebraska jurisdictional requirements were satisfied.

[¶ 17] In summary, the district court maintained exclusive, continuing jurisdiction to resolve custody and visitation issues arising from the parties' original Wyoming divorce decree. Additionally, we find no abuse of discretion in the district court's determination that Wyoming remained an appropriate jurisdictional forum.

[¶ 18] Affirmed.