2007 WY 154

**Frank W. SYMINGTON, Appellant (Defendant),**

v.

**Banu E. SYMINGTON, Appellee (Plaintiff).**

No. S–07–0044.

Supreme Court of Wyoming.

Sept. 25, 2007.

Representing Appellant: Robert J. O'Neil, Gillette, Wyoming.

Representing Appellee: Mark W. Gifford, Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   Appellant, Frank Symington (Father), appeals the district court's order declining jurisdiction of a child custody dispute pursuant to Wyo. Stat. Ann. § 20–5–307 on the basis that Idaho provided a more appropriate forum for resolution of the dispute. We affirm.

### ISSUE

[¶ 2]   Father presents a single issue: "Did the trial court properly decline to exercise further child custody jurisdiction?"

## FACTS

[¶ 3] Mother and Father married in 1982, in Pennsylvania. During their marriage, the couple had two children. They moved to Rock Springs, Wyoming, where Mother filed for divorce in June 2004. In January 2005, while the divorce was pending, Mother moved with the children to Idaho. Father moved to Gillette, Wyoming, where he now resides. The district court granted the divorce in May 2005. Mother was awarded custody of the children, subject to Father's visitation rights.

[¶ 4] Disputes over visitation erupted shortly after the decree was entered. In June 2005, Mother and the *Guardian ad Litem* (GAL) filed petitions seeking to modify visitation. Prior to a hearing on the petitions, both Mother and the GAL filed motions asking the district court to decline jurisdiction over further proceedings pursuant to Wyo. Stat. Ann. § 20–5–307. Both the GAL and Mother contended that Idaho now provided a more appropriate forum for resolution of the dispute because the children were in school in Idaho, they had friends there, and their counselor was in that area. The effect of all these contacts, Mother claimed, was that witnesses and evidence about the children's well-being was all in Idaho, and it would be in the children's best interests to transfer the case to an Idaho court. The district court denied the motion in January 2006.

[¶ 5] Subsequently, in August 2006, the GAL filed a motion seeking to be relieved of her duties because she had accepted new employment as in-house counsel precluding her further involvement as a GAL in this case. The GAL's testimony during the hearing on her motion to withdraw sheds illumination on the need for an actively engaged GAL. She testified:

This case has taken an inordinate amount of time over the course of the last two years. It's monopolized my law office largely as far as time of not only traveling, but the amount of time to respond to and review documents. This isn't a file. It is a two banker, huge banker, boxes case that has taken a lot of time of several counselors, psychologists, my time, and it has grown. I am now out of private practice, but while I was in private practice it definitely monopolized my time. And it definitely monopolized my emotional investment in practice. It was a case riddled with perpetual and still ongoing accusations. They never ceased. Perpetual ongoing correspondence, discovery, depositions, hearings. It has been a case where you look back and you find very little time at which these parties have been at peace and which this case has been at peace. There's always been something on the plate, on the burner, to the Court, something to be set for hearing, something pending hearing.

[¶ 6] In response to the GAL's petition to withdraw, Mother filed another motion urging the district court to decline jurisdiction. Mother incorporated her prior claim that Idaho was the better forum, and additionally asserted that the need to appoint a new GAL made it an appropriate time to transfer the case to Idaho. At the hearing, the district court agreed, and decided to decline jurisdiction on the basis that Idaho provided a more appropriate forum pursuant to Wyo. Stat. Ann. § 20–5–307. Father appeals that decision.

## DISCUSSION

### Standard of Review

[¶ 7] "In child custody proceedings, the determination of whether to exercise jurisdiction or to defer to the courts of another state is reviewed for an abuse of discretion." *Steele v. Neeman,* 6 P.3d 649, 653 (Wyo.2000). If the record includes sufficient evidence to support the district court's exercise of discretion, we will defer to that court and affirm its decision. *Ritter v. Ritter,* 989 P.2d 109, 113 (Wyo.1999); *Prickett v. Prickett,* 2007 WY 153, ¶ 17, 167 P.3d 661, 665 (Wyo.2007).

### Analysis

[¶ 8] Father contends that the district court should not have declined jurisdiction. The court made its decision pursuant to the inconvenient forum provisions of Wyoming's Uniform Child Custody Jurisdiction

and Enforcement Act (UCCJEA), which provides:

(a) A court of this state which has jurisdiction under this act to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.

(b) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

(i) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(ii) The length of time the child has resided outside this state;

(iii) The distance between the court in this state and the court in the state that would assume jurisdiction;

(iv) The relative financial circumstances of the parties;

(v) Any agreement of the parties as to which state should assume jurisdiction;

(vi) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(vii) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(viii) The familiarity of the court of each state with the facts and issues in the pending litigation.

(c) If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper.

(d) A court of this state may decline to exercise its jurisdiction under this act if a child custody determination is incidental to an action for divorce or another proceeding while still retaining jurisdiction over the divorce or other proceeding.

Wyo. Stat. Ann. § 20–5–307 (LexisNexis 2007). The district court must consider "all relevant factors," not just those articulated in the statute. *See* National Conference of Commissioners on Uniform State Laws, *Uniform Child Custody Jurisdiction and Enforcement Act* § 207 cmt. (1997) ("The list is not meant to be exclusive.").

[¶ 9] Here, the district court made several explicit oral findings at the hearing. In particular, it gave significant weight to the fact that a new GAL would soon have to be appointed. The district judge explained:

I believe two things are different. One, more time has passed, and two, we're going to have the appointment of another guardian ad litem which most appropriately, I believe, should be done in the State of Idaho. Based on that, my consideration of all the other matters which were presented to the Court when I heard the original motion and the passage of time, I am declining to continue to hear this case at this time and ordering that the case be transferred to Idaho. Not to give it a fresh look or anything like that, because I don't think that's a valid reason for transferring a case, but because I believe that that's the most appropriate forum at this time under these circumstances, especially in view of the withdrawal of the present guardian ad litem and the necessity of the appointment of a new one.

The evidence established that the children had lived in Idaho for nearly two years, during which time they had attended Idaho schools and seen a counselor there. It reflected that the GAL had often been limited to telephone conversations with the children, rather than face-to-face meetings, because of the distance involved. Moreover, Father

lived in Gillette, in northeastern Wyoming, so that the district court in Sweetwater County, in southwestern Wyoming, was no longer a convenient forum for either party. There is sufficient evidence to support the district court's decision to defer to the jurisdiction of the Idaho court.

[¶ 10]   Father claims that he was not responsible for circumstances in Idaho changing over time and that the GAL withdrew for employment reasons, not because of Father's conduct. Both claims miss the mark because the decision to decline jurisdiction is not based on fault. Rather, it is a determination of which forum is more appropriate. The changed circumstances, whether Father caused them or not, justified the conclusion that Idaho had become the more appropriate forum to resolve child custody and visitation issues. Similarly, the reason for the GAL's withdrawal is irrelevant. The fact that appointment of a new GAL was necessary and that an Idaho court could appoint a GAL located in the jurisdiction where the children reside support the district court's decision that Idaho had become the more appropriate forum.

[¶ 11]   Father also asserts that the district court should not reverse its prior denials of Mother's motions to decline jurisdiction. Situations change over time, however, and the changes may lead the court to a different decision. Indeed, changes like those that occurred here are one of the reasons that Wyo. Stat. Ann. § 20–5–307 is necessary. By the time Mother filed her most recent motion, the one now under review, the children had lived in Idaho longer, more of their school and counseling records had accumulated there, and the majority of witnesses with pertinent information were there. Combining these factors with the need to appoint another GAL, we are unable to find any abuse of discretion by the district court in declining jurisdiction.

[¶ 12]   Affirmed.