# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 98

OCTOBER TERM, A.D. 2016

*October 13, 2016*

ELA,

**Appellant**
**(Plaintiff),**

**v.**

S-16-0090

AAB,

**Appellee**
**(Defendant).**

*Appeal from the District Court of Goshen County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
    James A. Eddington of Jones & Eddington Law Offices, Torrington, Wyoming

*Representing Appellee:*
    Traci E. Mears, Garden Creek Law Offices, PC, Casper, Wyoming

*Before BURKE, C.J., and HILL, DAVIS, FOX, JJ., and BLUEMEL, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    Appellant ELA ("Father") challenges an order denying his motion to modify AAB's ("Mother") visitation of their son.  Father also asserts that the district court needed to provide more or better notice for the modification hearing, and that it should not have conducted it in an hour and a half setting by telephone.  We affirm.

## ISSUES

[¶2]    Father raises several issues, which can be refocused into the following two questions:

> 1. Did the district court abuse its discretion by denying Father's petition to modify Mother's visitation after finding there was no material change in circumstances?
>
> 2. Did the district court abuse its discretion by conducting the modification hearing as it did?

## FACTS

[¶3]    The limited record on appeal provides the following facts.  The parties never married, but have a son who was three at the time the issues involved in this appeal arose.  After years of unremitting litigation concerning custody and related matters in Goshen County, the parties stipulated to an order setting custody and visitation, which was entered by the district court on March 31, 2014.  Although that order is not in the record before us, we can infer from the information we have that Father was the custodial parent, and that Mother had defined visitation, the details of which are not known.

[¶4]    A year and a half after the stipulated order was entered, on September 4, 2015, Father filed a pleading titled *Petition to Modify Visitation and Motion for Contempt and Restraining Order* ("*Petition/Motion*").  He asserted that a material change in circumstances occurred because Mother (1) dressed their son up like a girl, (2) drove him in a vehicle without a valid driver's license,[1] and (3) failed to pay child support.  As a result, Father requested that Mother's visitation be supervised and that she be restrained from dressing their son up like a girl and from driving him in a motor vehicle until she obtained a valid driver's license.  He also sought to have Mother held in contempt for failing to pay child support.

---

[1] Mother's license was suspended for reasons that are not clear in the record.

1

[¶5]  Father also filed an emergency motion for a restraining order and for supervised visitation on September 4, 2015.  It included the same allegations as the *Petition/Motion*.  He requested a setting for hearing on this emergency motion the same day.

[¶6]  Mother did not respond to any of Father's pleadings, so a default was entered on October 5, 2015.[2]  Although the venue of the case was in Goshen County, it was assigned to Judge Campbell, who sits in Cheyenne in Laramie County.  On October 29, the judge set an hour and a half telephonic hearing on "all pending motions" for December 4, which provided just over a month for the parties to prepare.

[¶7]  The December 4 telephonic hearing was not reported by a court reporter.  Father, his attorney, and an expert participated in a conference call.  Mother did not appear, although she was present at the earlier status and scheduling conference that led to the setting.  We can glean from the record that Father was able to present his case and offer evidence in support of a modification.  Father testified, as did the expert (the child's counselor), and various exhibits were received in evidence.

[¶8]  On December 31, 2015, the district court entered an *Order Denying Motion to Modify and Granting Motion for Contempt*.  It found that the uncontroverted evidence showed that Mother had failed to pay child support, and that her failure constituted a willful violation of the district court's previous orders.  Consequently, the district court granted Father's motion to hold her in contempt, and in accord with Wyo. Stat. Ann. § 20-2-204(b) (LexisNexis 2015), ordered her to comply with child support obligations and to pay a minimum of $50.00 per month towards the arrearage created by her violation.  It also ordered that she pay Father's attorney's fees.

[¶9]  The district court denied Father's motion for modification of Mother's visitation.  It reasoned:

> 3.  The uncontroverted evidence of driving without a license, combined with the opinion of the minor's counselor that mother's parenting decisions regarding dressing of the minor and engaging in other gender inappropriate behavior are harmful to the boy are not, taken together, sufficient evidence of a material and substantial change of circumstances justifying modification of the Court's previous orders.
>
> 4.  The harm, as asserted, is predicated in large part on the Counselor, and Father's disagreement with Mother's behavior

---

[2] It is not clear what response Mother was required to make due to gaps in the record.  In any event, there is no indication that the district judge would have limited her participation in the hearing ultimately held if she had appeared for it.

2

and her failure to comply with their demands to change. Mother not having changed the behavior does not amount to deliberate harm to a 3 year old, and the anxiety testified to is being addressed by a licensed therapist. The testimony and opinions offered, though unrefuted, do not account for any other cause of anxious behaviors by the boy. Common sense requires the Court, and should require the Counselor to consider, that years of nearly constant litigation and the attendant uncertainty and emotional stress of having parents at odds may be contributing factors as well.

[¶10]  Father subsequently filed a *Statement of the Evidence* pursuant to W.R.A.P. 3.03 because the hearing was not reported due to the lack of a request that the official court reporter do so.  The district court settled the record by confirming the accuracy of certain paragraphs of the statement.  The statements confirmed are quite general, and there are therefore significant gaps as to the details of the evidence presented at the hearing.[3]

## DISCUSSION

### *Denial of Modification*

[¶11]  Father argues that the district court abused its discretion in denying his request to limit Mother to supervised visitation, at least for a time.  Relying on the district court's order settling the record of the hearing, he contends that he established a material change in circumstances.  In particular, he points to testimony by the counselor that it was negative and harmful for the boy to be dressed as a girl, and that it was the cause of an anxiety disorder.

---

[3] We take this opportunity to highlight how important transcripts of court proceedings are for appellate review.  Prudence suggests that counsel consider having all proceedings reported so there are no bumps down the road when an appeal is taken.  *See* Tyler J. Garrett, *Anatomy of a Wyoming Appeal: A Practitioner's Guide for Civil Cases*, 16 Wyo. L. Rev. 139, 155 (2016) (explaining that the Wyoming Supreme Court has made clear that if an appellant intends to assert that a finding or conclusion is unsupported by the evidence or contrary to the evidence, a transcript of all evidence relevant to such finding or conclusion should be included in the record, otherwise the regularity of the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed).  Litigants are no longer required to pay a daily fee to have the reporter stenographically record the proceeding, and they must pay for a transcript only if they order it for use in an appeal or other proceeding.  *See* 2014 Wyo. Sess. Laws ch. 18, § 1 (repealing the daily fee in Wyo. Stat. Ann. § 5-3-410(a) to (d)); Wyo. Stat. Ann. § 5-3-410(e) (LexisNexis 2015) (setting fees for transcript original and copies).  A reporter must be requested three working days before a hearing.  Uniform Rule for District Courts 904.  Requesting that a hearing be reported is cheap insurance against an erroneous decision.  In this case, Appellant's counsel indicates that he did not request a reporter because he did not realize that the modification was set for hearing along with the other requests for relief he had filed.  See discussion below.

3

[¶12]  This Court will not interfere with a district court's decision regarding modification of custody unless there is a procedural error or a clear abuse of discretion.  *Gjertsen v. Haar*, 2015 WY 56, ¶ 11, 347 P.3d 1117, 1122 (Wyo. 2015).  We must decide whether the district court could reasonably conclude or act as it did.  *Id.*  "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously."  *Id.* (quoting *Gray v. Pavey*, 2007 WY 84, ¶ 8, 158 P.3d 667, 668 (Wyo. 2007)).

[¶13]  The statute controlling modification of visitation or custody states in pertinent part:

> (a) Either parent may petition to enforce or modify any court order regarding custody and visitation.
>
> *        *        *
>
> (c) A court having jurisdiction may modify an order concerning the care, custody and visitation of the children if there is a showing by either parent of a material change in circumstances since the entry of the order in question and that the modification would be in the best interests of the children pursuant to W.S. 20-2-201(a). . . .

Wyo. Stat. Ann. § 20-2-204(a), (c).  We have explained that district courts must make a two-step inquiry when they decide whether to grant a petition to modify an order:

> The first step requires a showing that there has been a material change in circumstances since the entry of the order in question. Because of the res judicata effect afforded custody orders, such a finding is a threshold requirement. The district court does not properly acquire jurisdiction to reopen an existing custody order until there has been a showing of a substantial or material change of circumstances which outweigh society's interest in applying the doctrine of res judicata to a custody order. In short, unless the district court finds a material change in circumstances, it cannot proceed to the second step—determining whether a modification would be in the best interests of the child.

*Gjertsen*, ¶ 13, 347 P.3d at 1122-23 (citations and quotation marks omitted).  The change in circumstances must affect the welfare of a child before it will be considered sufficient to justify reopening a decree or custody/visitation order.  *Id.*, ¶ 29, 347 P.3d at 1126.  The

district court's determination of whether a material change in circumstances occurred is primarily factual and entitled to great deference. *Id.*

[¶14] It is true based on the settled record of the hearing that the child's counselor testified that dressing the parties' son up as a girl was harmful and that it caused him to suffer an anxiety disorder. She recommended supervised visitation until Mother could be evaluated.

[¶15] Neither judges nor juries are required to accept expert testimony when acting as the trier of fact. *Kobos By and Through Kobos v. Everts*, 768 P.2d 534, 551 (Wyo. 1989). We instruct juries as follows regarding expert witnesses:

> An expert witness may offer opinions on questions regarding the issues in the case to assist you in deciding the issues. You are not bound to accept an expert's opinion as conclusive, but should give it the weight to which you feel it is entitled.
>
> In determining the weight, if any, to be given to an opinion, you may consider the qualifications of the expert, the credibility of the expert, the information upon which the opinion is based, and the reason for the opinion. You may disregard any opinion if you find it to be unreasonable or not adequately supported.

2015 Wyoming Civil Pattern Jury Instruction 1.02D. The same rule applies to district judges when they act as the trier of fact.

[¶16] The district court found that Mother's practice of dressing her son as a girl was being adequately addressed in counseling. The record does not reflect the frequency of these incidents, which may have been a factor in its decision. The court also found that the counselor's opinion did not take into account other possible causes of anxiety, such as the unremitting conflict between his parents. In summary, it found that the conflict was a continuing issue between the parties, and not a change. Implicitly it found that the child's welfare was being preserved under the status quo, or that any change had not been adequately shown to affect his welfare.

[¶17] Although the court did not directly address the issue of driving without a license, the order settling the record did not reflect that Mother drove in a manner which was likely to threaten the child's welfare. We can appreciate, however, that there is a risk that the child might at a minimum be traumatized if she was arrested when he was with her.

5

[¶18] However, despite the fact that the district court settled the record, the absence of a transcript limits our review to some extent. We do not know the degree to which the counselor's qualifications were explored, whether her testimony reflected a bias, or precisely what information her opinions were based upon. The district court heard more than the settled record tells us. Mother's behavior certainly seems odd, concerning, and in the case of driving without a valid license, illegal. We acknowledge that other judges might have found a material change of circumstances and that the child's best interests required supervised visitation until things could be sorted out on the limited information we have. Perhaps members of this Court would have as well. However, we cannot retry this case on appeal or substitute our judgment for that of the district court. *Lopez v. Lopez*, 2005 WY 88, ¶ 20, 116 P.3d 1098, 1103 (Wyo. 2005). We are limited to reviewing the record to determine whether the district judge abused his discretion, and on this record, we cannot find that he did.

### *Modification Hearing*

[¶19] Father also finds fault with several aspects of the modification hearing. He complains that the notice given for the modification hearing was not sufficient to inform him that his request for a change of mother's visitation was to be heard. He also contends that the hearing should have been set for longer to allow all issues to be heard, and that it should not have been conducted telephonically. Father contends that the district court abused its discretion, which resulted in a violation of his due process rights.[4]

[¶20] Because we afford district courts considerable discretion in conducting hearings and trials, our standard of review is for an abuse of discretion. *In re ARF*, 2013 WY 97, ¶ 26, 307 P.3d 852, 858 (Wyo. 2013). We must determine whether the district court could reasonably conclude as it did. *Id.*

[¶21] The touchstones of due process are notice and the opportunity to be heard. *Id.,* ¶ 28, 307 P.3d at 858. With regard to the amount of process due, we have explained that the notice and the opportunity to be heard must be appropriate to the nature of the case. *In re "H" Children*, 2003 WY 155, ¶ 39, 79 P.3d 997, 1008 (Wyo. 2003). "The opportunity for hearing must be appropriate to the nature of the case, and must be at a meaningful time and in a meaningful manner." *In re ARF*, ¶ 28, 307 P.3d at 858 (citations and quotation marks omitted). Thus, in certain circumstances, placing

---

[4] Father also suggests that there should have been a case management order requiring a pretrial memorandum, a witness list, and an exhibit list. To the extent he contends that this would have told his attorney that a more complete hearing was contemplated, perhaps it would have. However, Wyoming Rule of Civil Procedure 26(a)(3) requires pretrial disclosures without an order of the court, which would be quite appropriate for an uncomplicated case like this. Obviously neither Father nor his attorney was surprised by the lack of a witness designation or an exhibit list, since Mother did not appear and therefore did not offer any testimony or exhibits.

6

unrealistic time limits on hearings or trial presentations may deprive a party of a meaningful hearing. *Id.*

[¶22] With regard to notice, the district court gave notice of the hearing thirty days out, stating in its order that "all pending motions" would be considered at that time. Father contends that the request for a change in visitation was in the form of a petition, not a motion. The title of the document, as already noted, was *Petition to Modify Visitation and Motion for Contempt and Restraining Order*. The document was therefore labeled as both a petition and a motion, and each was a request for a form of relief.

[¶23] The order was sufficient notice under the circumstances. If Father had any question as to what would be heard at the hearing, a motion for clarification or call to the district court could have cleared up any confusion. Furthermore, based upon the allegations in Father's motions, the subject matter was not complicated and he had more than enough time to prepare. In order to obtain the emergency change in Mother's visitation he sought, he would have had to prove the same things he would to obtain a more permanent change. Although he complains that he was unable to complete discovery, Father has not indicated what discovery he would have sought, or whether he did in fact seek any from Mother—who did not respond to the various motions.[5]

[¶24] The settled record indicates that the court informed Father that it would hear all pending motions, including the petition to modify, at the December 4, 2015 hearing. There is nothing in the record to indicate that counsel objected or asked to continue the hearing. In addition, nothing in this record indicates what additional evidence Father would have presented on a change of visitation, and thus we cannot determine whether any potential error was harmful. A record could have been made on this point by an offer of proof, in the absence of which we have no basis to determine if the claimed error would have made any difference. *See Goforth v. Fifield,* 2015 WY 82, ¶ 29, 352 P.3d 242, 248 (Wyo. 2015).

[¶25] Regarding the district court's decision to place an hour and a half time limit on the motions hearing and conduct it by telephone, the record does not reflect that the time was inadequate. Father did not raise any concerns about the time frame, even though he had a month to do so. His counsel indicates that he did not because he thought only the emergency matters were to be heard, and there was enough time for them. The settled record indicates that the court informed Father at the hearing on December 4, 2015 that it would hear all issues. As with the notice issue, there is no indication in the settled record that Father objected to the court doing so. All we know is that he proceeded to present his case. Finally, we do not know what additional evidence Father would have presented

---

[5] The parties were required to make automatic disclosures in this custody and support action under Wyoming Rule of Civil Procedure 26(a)(1.2) within thirty days of service. We assume Mother failed to make the required disclosure since she did not respond to Father's pleadings.

if he had had more time. *See Knezovich v. Knezovich*, 2015 WY 6, ¶ 8, 340 P.3d 1034, 1036 (Wyo. 2015).

[¶26] Father also complains that the hearing was conducted by telephone rather than in person. The judge assigned to the case sits in Cheyenne, but the case was venued in Goshen County and would normally have been heard in Torrington. Not requiring the judge to expend time in travel may have resulted in an earlier hearing. In addition, our courts have compressed video capability, and nothing in the record suggests that Father attempted to employ this technology, which would at least have allowed the court to see Father, counsel, and his expert witness if they were in Torrington. Finally, Uniform Rule for District Courts 802 allowed the court to use a telephone conference "for any proceeding" in a civil case like this. Once again, the record reflects no objection to conducting the hearing telephonically, and Father has not identified any specific impact on his ability to present his case through this medium.

[¶27] We conclude that the district court did not abuse its discretion by holding an hour and a half telephonic hearing on Father's motions, including the one for modification. The manner in which the district conducted the hearing was not unreasonable under the circumstances, and it did not deny Father his right to due process.

[¶28] Affirmed.