# THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 157

OCTOBER TERM, A.D. 2022

December 13, 2022

BRETT L. RUIZ,

Appellant
(Respondent),

v.

S-22-0085

PHOENIX A. FRIBOURG,

Appellee
(Plaintiff).

*Appeal from the District Court of Goshen County*
*The Honorable F. Scott Peasley, Judge*

*Representing Appellant:*
   Eric E. Jones, Eric E. Jones, P.C., Wheatland, Wyoming.

*Representing Appellee:*
   Devon P. O'Connell and Paige J. Anderson of Pence and Macmillan, LLC, Laramie, Wyoming.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY and FENN, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]    Brett L. Ruiz appeals the district court's order relinquishing jurisdiction over a child custody dispute to Texas pursuant to Wyoming Statute § 20-5-307 (LexisNexis 2022).  He argues the district court abused its discretion when it found Wyoming was an inconvenient forum, and he contends the procedure used in this case violated his right to due process. We affirm.

## ISSUES

[¶2]    Mr. Ruiz presents two issues on appeal.  We rephrase the issues as follows:

> I.    Did the district court abuse its discretion when it found Wyoming was an inconvenient forum and relinquished jurisdiction to Texas pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act?

> II.    Did the district court deny Father his due process rights when it entered the Uniform Child Custody Jurisdiction and Enforcement Act order without requiring the parties to file written pleadings in Wyoming?

## FACTS

[¶3]    The facts surrounding this appeal span several years.  Phoenix Fribourg (Mother) and Brett L. Ruiz (Father) were never married, but they are the parents of one child, EDR, born in January 2017.  Less than a week after EDR's birth, Mother filed a petition to establish paternity, custody, and child support.  In July 2017, Mother moved to Texas due to her father's failing health.  In October of 2017, Mother notified the district court the move was permanent.  In January of 2018, the district court held a trial on the petition to establish paternity.  The district court subsequently entered an order establishing Father's paternity of EDR and awarding Mother primary custody of the child subject to Father's visitation rights.

[¶4]    In January of 2019, Mother filed a petition to modify custody in Texas and asked that the matter be transferred to Texas.  The Wyoming district court held a Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) conference with the 45th Civil District Court, in Bexar County, Texas, pursuant to Wyoming Statute § 20-5-210 (LexisNexis 2019). Both courts agreed Wyoming maintained continuing jurisdiction under Wyoming Statute § 20-5-302 (LexisNexis 2019), and Wyoming was not an inconvenient forum under Wyoming Statute § 20-5-307 (LexisNexis 2019).  The district court denied Mother's request.

1

[¶5]     Over the course of the next two years, both Mother and Father filed order to show cause petitions, which were resolved through a *Stipulated Order on Motions for Order to Show Cause* (*Stipulated Order*). Paragraph five of the *Stipulated Order* stated: "[t]his order shall not prevent any court from considering a change of venue/jurisdiction if appropriate under the UCCJEA." Additionally, the *Stipulated Order* stated: "[i]f Father violates this *Stipulated Order* or if there is a material change in circumstance, Mother may petition that the case be transferred to Texas." The *Stipulated Order* also required both parents to participate in "parent facilitation" with EDR's counselor.

[¶6]     In December 2021, four years after Mother and EDR moved to Texas, Mother petitioned the district court in Texas to modify visitation and compel Father's participation in parenting facilitation. Mother did not file a pleading in the Wyoming case asking the district court to relinquish jurisdiction. After receiving Mother's petition, the Texas court contacted the Wyoming court to set another UCCJEA hearing to discuss the issue of jurisdiction. Both parties were present for the hearing and represented by counsel, and both parties testified and made arguments regarding which state presented a more convenient forum.

[¶7]     During the hearing, Mother argued Wyoming was now an inconvenient forum. Mother presented evidence EDR went to school in Texas, attended therapy in Texas, had a pediatrician and dentist in Texas, had maternal grandparents who reside in Texas, and had friends in Texas. Mother also argued Father had acquiesced to Texas having jurisdiction by violating the *Stipulated Order*. Specifically, she alleged Father failed to participate in parenting facilitation.

[¶8]     Father argued Wyoming had continuing and exclusive jurisdiction. Father also argued the district court could not transfer jurisdiction to Texas unless Mother showed the child did not have a significant connection with Wyoming, and substantial evidence concerning the child's care, protection, training, and personal relationships was no longer available in Wyoming. Father asserted EDR still had significant connections to Wyoming. Father presented evidence EDR had a close relationship with her paternal grandparents who live in Wyoming, had other extended family in Wyoming, and had friends at a preschool she attended in Wyoming. Father admitted EDR did not have a dentist or medical provider in Wyoming, and he had not attended parenting facilitation.

[¶9]     Following arguments from both parties, the two district court judges participated in an off-record discussion about which state presented a more convenient forum. Following this discussion, the Wyoming court determined Wyoming was an inconvenient forum and entered an order relinquishing jurisdiction to Texas in January 2022. Father timely appealed.

2

## DISCUSSION

### I. *Did the district court abuse its discretion when it held Wyoming was an inconvenient forum and relinquished jurisdiction to Texas?*

[¶10] "In child custody proceedings, 'the determination of whether to exercise jurisdiction or to defer to the courts of another state is reviewed for an abuse of discretion.'" *Pokrovskaya v. Van Genderen,* 2021 WY 68, ¶ 7, 487 P.3d 228, 230 (Wyo. 2021) (quoting *Symington v. Symington,* 2007 WY 154, ¶ 7, 167 P.3d 658, 659 (Wyo. 2007)). "'If the record includes sufficient evidence to support the district court's exercise of discretion, we will defer to that court and affirm its decision' on inconvenient forum." *Id.* (quoting *Symington*, ¶ 7, 167 P. 3d at 659).

[¶11] When a court of this state makes an initial custody decision, it has continuing subject matter jurisdiction to enforce or modify the order subject to the provisions of the UCCJEA. *See* Wyo. Stat. Ann. § 20-2-203(a) (LexisNexis 2021). The UCCJEA was adopted by the Wyoming legislature in 2005 and controls jurisdiction over child custody and visitation disputes. *Pokrovskaya,* ¶ 10, 487 P.3d at 230 (citing *In re NC*, 2013 WY 2, ¶ 25, 294 P.3d 866, 873 (Wyo. 2013); Wyo. Stat. Ann. § 20-5-201). "It codifies both the common law doctrine of forum non conveniens as it relates to child custody and the court's continuing subject matter jurisdiction to enforce or modify its original decrees." *Id.* (citing Wyo. Stat. Ann. §§ 20-5-307, 20-2-203(a) (LexisNexis 2019)). Under Wyoming Statute § 20-5-302(a), a district court that made the initial child custody determination maintains exclusive, continuing jurisdiction over that case until the following conditions occur:

> (i) A court of this state determines that the child, the child's parents and any person acting as a parent do not have significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships; or
>
> (ii) A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state.

However, when those conditions have not occurred and the district court has exclusive, continuing jurisdiction, Wyoming Statute § 20-5-307(a) allows the district court to decline to exercise that jurisdiction at any time based on the doctrine of forum non conveniens:

> A court of this state which has jurisdiction under this act to make a child custody determination may decline to exercise its

3

> jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.

*See also* Wyo. Stat. Ann. § 20-2-203(a) (allowing a court that has jurisdiction to modify or enforce an order to decline to exercise its jurisdiction if it finds it is an inconvenient forum).

[¶12]   Father argues once the district court decides it has exclusive, continuing jurisdiction under Wyoming Statute § 20-5-302, it must conclude it is unable to transfer jurisdiction to another forum. He asserts Wyoming Statute § 20-5-302 "is in conflict with" Wyoming Statute § 20-5-307, and a district court can only decline jurisdiction if the requirements of § 20-5-302(a) are met. Father's argument is contrary to the plain language of the UCCJEA, and we have previously rejected this argument. *See Pokrovskaya,* 2021 WY 68, ¶ 7, 487 P.3d at 230; *Symington,* 2007 WY 154, ¶ 7, 167 P.3d at 659; *Prickett v. Prickett*, 2007 WY 153, ¶ 10, 167 P.3d 661, 663 (Wyo. 2007).

[¶13]   "We 'consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously.' And we 'will not interpret a statute in a way that renders any portion meaningless or in a manner producing absurd results.'" *MSC v. MCG*, 2019 WY 59, ¶ 19, 442 P.3d 662, 668 (Wyo. 2019) (internal citations omitted) (quoting *Int'l Ass'n of Fire Fighters Local Union No. 5058 v. Gillette/Wright/Campbell Cty. Fire Prot. Joint Powers Bd.*, 2018 WY 75, ¶ 34, 421 P.3d 1059, 1067 (Wyo. 2018)). If we interpreted the UCCJEA in the manner suggested by Father, it would render Wyoming Statute § 20-5-307 meaningless. We have previously recognized these statutory provisions can be read in harmony:

> Because the [custody order] originated in Wyoming, the district court must initially determine if it retains exclusive, continuing jurisdiction pursuant to Wyo. Stat. Ann. § 20–5–302. If the court concludes that it has jurisdiction, it must then decide whether it should decline jurisdiction pursuant to Wyo. Stat. Ann. § 20–5–307 because the other state provides a more appropriate forum for resolution of the issues presented.

*Prickett*, 2007 WY 153, ¶ 10, 167 P.3d at 663; *see also Pokrovskaya*, 2021 WY 68, ¶ 8, 487 P.3d at 230 ("Generally, courts have continuing jurisdiction over child custody and visitation cases. The UCCJEA and the doctrine of forum non conveniens allow courts to decline continuing jurisdiction under certain circumstances."); *Symington*, 2007 WY 154, ¶¶ 8–9, 167 P.3d at 659–61 (holding a district court that had continuing jurisdiction did not abuse its discretion when it determined it was an inconvenient forum and transferred the

case to Idaho). Under the plain language of the UCCJEA, although the Wyoming district court had exclusive, continuing jurisdiction, it was not precluded from determining whether it should relinquish that jurisdiction to Texas under Wyoming Statute § 20-5-307.

[¶14] When determining if Wyoming is an inconvenient forum, the district court must consider the factors set forth in Wyoming Statute § 20-5-307(b). The statutory factors are:

> (i)  Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (ii)  The length of time the child has resided outside this state;
>
> (iii)  The distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (iv)  The relative financial circumstances of the parties;
>
> (v)  Any agreement of the parties as to which state should assume jurisdiction;
>
> (vi)  The nature and location of evidence required to resolve the pending litigation, including testimony of the child;
>
> (vii)  The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
>
> (viii)  The familiarity of the court of each state with the facts and issues in the pending litigation.

Wyo. Stat. Ann. § 20-5-307(b).

[¶15] Father argues that the district court abused its discretion because it did not consider the statutory factors set forth in Wyoming Statute § 20-5-307(b) or its Texas counterpart, Texas Family Code § 152.207. Father's argument is not supported by the record. The record shows that both courts considered the inconvenient forum factors in light of the evidence and testimony presented at the hearing. The courts placed particular emphasis on factors such as the length of time the child had resided outside of Wyoming, the distance between the two courts, and the nature and location of the evidence required to resolve the pending litigation. *See* Wyo. Stat. Ann. § 20-5-307(b). Specifically, the Wyoming district court considered the fact that the child had resided in Texas for four years, had medical and dental providers in Texas, and was seeing a counselor in Texas. While it is true that neither court made specific findings on all the factors, the UCCJEA order specifically stated the

5

Wyoming court considered all the factors set forth in Wyoming Statute § 20-5-307. After considering those factors, the district court found Wyoming was an inconvenient forum.

[¶16] Father also takes issue with the district court granting Mother's second request to relinquish jurisdiction after it denied her first request. Although the district court denied Mother's previous request to relinquish jurisdiction, it was not precluded from determining Wyoming had become an inconvenient forum when she filed her second request. We have recognized "[s]ituations change over time, . . . and the changes may lead the court to a different decision." *Symington*, 2007 WY 154, ¶ 11, 167 P.3d at 661. Such changes "are one of the reasons that [Wyoming Statute] § 20-5-307 is necessary." *Id.*

[¶17] Two years had passed since Mother's initial request to relinquish jurisdiction. Mother and EDR's circumstances had changed. EDR had increased ties with Texas, had lived in Texas for most of her life, and substantial evidence regarding the litigation was now located in Texas, including evidence regarding Father's lack of participation in the parenting facilitation. In addition, the *Stipulated Order* contemplated the potential transfer of jurisdiction to Texas. The record contains sufficient evidence to support the district court's decision, and it did not abuse its discretion when it found Wyoming was an inconvenient forum and relinquished jurisdiction to Texas.

## II. *Were the parties required to file written pleadings in Wyoming?*

[¶18] Father claims his due process rights were violated because the district court did not require Mother to file written pleadings in Wyoming prior to the UCCJEA hearing. "The question of whether an individual was afforded due process is one of law subject to de novo review." *In re TJH*, 2021 WY 56, ¶ 10, 485 P.3d 408, 412 (Wyo. 2021) (citations omitted). "The touchstones of due process are notice and the opportunity to be heard. With regard to the amount of process due, we have explained that the notice and the opportunity to be heard must be appropriate to the nature of the case." *Womack v. Swan*, 2018 WY 27, ¶ 20, 413 P.3d 127, 136 (Wyo. 2018) (quoting *ELA v. AAB*, 2016 WY 98, ¶ 21, 382 P.3d 45, 50 (Wyo. 2016)). "The opportunity to be heard must be meaningful." *Id.* (quoting *Goss v. Goss*, 780 P.2d 306, 310 (Wyo. 1989)).

[¶19] Father did not cite to any portion of the UCCJEA to support his argument that the UCCJEA requires written pleadings to be filed before the district court can consider declining jurisdiction. This argument is contrary to the language of the UCCJEA, which specifically allows "[t]he issue of inconvenient forum [to be] raised upon motion of a party, the court's own motion, or request of another court." Wyo. Stat. Ann. § 20-5-307(a). In this case, the inconvenient forum issue was raised at the request of the Texas court. Once this issue was raised, it was proper for the district court to communicate with the Texas court. *See* Wyo. Stat. Ann. § 20-5-210 (a) ("A court of this state may communicate with a court in another state concerning a proceeding arising under this act.").

6

[¶20] To support his due process argument, Father primarily relies on *Loghry v. Loghry*, 920 P.2d 664 (Wyo. 1996). However, Father's reliance on *Loghry* is misplaced. In *Loghry,* we found the defendant had been deprived of due process because she had not been properly notified about the divorce hearing where child custody was determined. *Id.* at 666–68. As a result, she had been deprived of her property and liberty interests without notice and a meaningful opportunity to be heard. *Id.* The issue of notice is not at stake in this case, and the UCCJEA hearing did not involve modifying Father's custody or visitation rights. The hearing involved whether the Wyoming district court would decline to exercise its jurisdiction. The district court gave Father notice of the UCCJEA hearing, and he appeared at that hearing with counsel. The district court allowed the parties to participate in the communication between the Texas and Wyoming courts and present evidence and arguments before rendering a decision on jurisdiction. The district court gave Father a meaningful opportunity to be heard. The procedure utilized in this case comports with due process.

## CONCLUSION

[¶21] Although the district court maintained exclusive, continuing jurisdiction to modify the child custody order under Wyoming Statute § 20-5-302(a), the district court did not abuse its discretion when it declined to exercise that jurisdiction after finding Wyoming was an inconvenient forum under Wyoming Statute § 20-5-307. The district court did not violate Father's due process rights by not requiring the parties to file written pleadings in Wyoming. The district court's order is affirmed.