[S. F. No. 12446. In Bank.—July 31, 1929.]

LOUIS ENGELBERG, Respondent, v. SAM SEBASTIANI, Appellant.

W. F. Cowan and A. W. Hollingsworth for Appellant.

Barrett & McConnell and Samuel M. Samter for Respondent.

SEAWELL, J.—On hearing after decision by the District Court of Appeal, First District, Division Two [273 Pac. 161]. Defendant, Sam Sebastiani, appealed from a judgment entered against him by the trial court in favor of plaintiff, Louis Engelberg, for the sum of $8,122.75. The jury brought in its verdict for the sum of $7,003.39, and the court, upon motion of plaintiff, directed the clerk of said court to add to the amount of the verdict interest at the rate of seven per cent per annum from the respective dates the several claims comprising the verdict became due to the date of the entry of judgment, and to enter judgment for the amount of said verdict plus interest thus computed. In accordance with the court's direction the clerk entered judgment for $8,122.75, which included interest. The trial court had given no instruction to the jury regarding the plaintiff's right to interest upon the demands in suit. The defendant contends that said court exceeded its power in directing an allowance of interest to plaintiff.

The action is upon a contract whereby plaintiff agreed to sell and defendant to buy the entire crop of grapes growing upon plaintiff's ranch in Sonoma County at the price of $76 a ton. In the first count of the complaint plaintiff sued to recover $3,065.70, the balance of the purchase price remaining unpaid for 85 tons and 150 pounds of grapes actually delivered to and received by defendant. In counts two and three plaintiff sought to recover at the contract rate of $76 a ton for two lots of grapes tendered to defendant and which defendant refused to accept. Plaintiff alleged that he had sold said lots of grapes on defendant's account, and from the sale of the first lot which defendant refused to accept he had realized $271.55, which he had paid to defendant. As to the

second lot, plaintiff alleged that the expenses of sale exceeded the proceeds by $26.05, and this sum he sought to recover in addition to the price of the grapes computed at $76 a ton.

The jury verdict of $7,003.39 for plaintiff was for the full amount prayed for, but made no allowance of interest, in regard to which the court had given no instruction. In the prayer of his complaint plaintiff asked for interest.

■ Upon the pleadings and proof, plaintiff was entitled to interest by virtue of the provisions of section 3287 of the Civil Code from the dates his right to receive the several sums sued for became vested in him. There is no merit in defendant's claim that plaintiff was not entitled to interest as a matter of law, for the reason that the recovery sought was not for sums certain or capable of being made certain by calculation. The price of the grapes was fixed by the contract and the amount that plaintiff should recover was capable of being made certain by calculation. (*Ryland* v. *Heney,* 130 Cal. 426 [62 Pac. 616]; *Brazil* v. *Azevedo,* 30 Cal. App. 364 [162 Pac. 1049]. The amount which plaintiff sought to recover on account of expenses incurred by him in selling on behalf of defendant the grapes involved in count three was a sum certain. The contention of defendant that the proof as a matter of law does not show that there was due plaintiff as interest the amount directed to be added to the verdict by the court, for the reason that there exists uncertainty as to the dates when the plaintiff's right to recover the several sums sued for became vested, from which dates interest is to be computed by the terms of section 3287 of the Civil Code, is also lacking in merit.

■ Since plaintiff was entitled to interest in the amount allowed by the trial court as a matter of law, neither section 664 nor section 626 of the Code of Civil Procedure renders improper the action of the court in adding interest to the amount of the verdict. Section 664 of the Code of Civil Procedure provides: "When trial by jury has been had judgment must be entered by the clerk in conformity with the verdict . . . " Section 626 is as follows: "When a verdict is found for plaintiff in an action for the recovery of money . . . the jury must also find the amount of the recovery." Plaintiff being entitled to interest in the amount allowed by the court as a matter of law upon the pleadings and proof, there was no issue of fact as to interest to be submitted to

the jury. Although it is the right of the parties litigant in an action where a trial by jury is had as a matter of right to have every triable issue of fact submitted to the jury, in the instant case had the court instructed the jury as to the matter of interest, plaintiff was entitled as a matter of law to an instruction directing the jury that if they should find for plaintiff to allow interest upon the demands in suit. Since the jury would be without right to disregard the court's direction, which would leave them no discretion in the matter, it can make no substantial difference to defendant whether interest is added to the judgment by the verdict of the jury rendered pursuant to the direction of the court, or by the court instructing the clerk to enter judgment for the amount of the verdict plus interest. In adopting the latter procedure, the court is usurping no function of the jury, for there is no issue of fact involved as to said interest.

In *McAfee* v. *Dix*, 101 App. Div. 69 [91 N. Y. Supp. 464], where the verdict did not include interest to which plaintiff was entitled as a matter of law, the court said: "Interest was. incident to the award of the contract price. . . . The court rightly declared (and indeed there was no exception) that interest was the plaintiff's due in event of such a verdict. The jury gave that verdict and yet for some reason ignored the law as to a matter where it had neither discretion nor, the rate and period being certain—latitude for calculation. It seems absurd that the court is powerless to correct the judgment so as to award that sum which legally belongs to him who has gained the verdict, but that it must recognize this erroneous omission or commission of the jury by depriving the successful suitor either of the benefit of the trial or by mulcting him of a part of his rightful judgment."

In support of the rule here announced, see 27 R. C. L. 888; notes, 25 L. R. A. (N. S.) 311; 10 Ann. Cas. 753; *Lowenstein* v. *Lombard*, 2 App. Div. 610 [38 N. Y. Supp. 33]; *St. Louis etc. Ry. Co.* v. *Oliver*, 17 Okl. 589 [10 Ann. Cas. 748, 87 Pac. 423]. In *Alpers* v. *Schammel*, 75 Cal. 590 [17 Pac. 708], relied upon by defendant, the court expressly states that the allowance of interest was not sustained by the record. In so far as said case purports to lay down a rule contrary to the decision herein it is not the law. Sections 664 and 626 of the Code of Civil Procedure are

designed to assure to litigants the right to have the determination of the jury on issues of fact.

The jury in bringing in a verdict where the court grants a motion for a directed verdict acts in a ministerial capacity. (*Estate of Sharon*, 179 Cal. 447 [177 Pac. 283]; *Gaskill* v. *Pacific Elec. Ry. Co.*, 30 Cal. App. 593 [159 Pac. 200]; 24 Cal. Jur., p. 918.) It has been held, therefore, that a judgment entered by the court upon the basis of a special finding made by it where the state of the evidence is such that only one judgment can lawfully be rendered is to be given the same effect as a judgment entered upon a directed verdict. Without regard to the procedure followed, the determination is, in law, the act of the court. (*Umsted* v. *Scofield Engineering Constr. Co.*, 203 Cal. 224 [263 Pac. 799].) The same reasoning may be applied to sustain the judgment for interest in the instant case.

By the appeal taken by defendant a number of objections were made to the judgment besides the question of the right of the court to incorporate in the judgment interest upon the sums found to be due. Those questions were sufficiently considered and correctly determined against defendant's contentions by the District Court of Appeal. The plaintiff petitioned this court for a hearing, urging as erroneous that portion of the decision which held that the trial court was without power to incorporate an allowance of interest in the judgment. Defendant did not petition for a hearing. Making no objection upon petition for a hearing to that portion of the decision which was against him, it must be assumed that he was convinced of its legal soundness and did not feel justified in further urging said other points. Upon examination of said other points we find no such merit therein as would require or justify a reversal.

Judgment affirmed.

Langdon, J., Shenk, J., Curtis, J., Waste, C. J., and Richards, J., concurred.