# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 62

APRIL TERM, A.D. 2023

June 14, 2023

LELON THOMAS TUCKER

Appellant
(Defendant),

v.

NICHELLE ANN TUCKER n/k/a
NICHELLE ANN JOINER,

Appellee
(Plaintiff).

S-22-0272

*Appeal from the District Court of Park County*
*The Honorable William J. Edelman, Judge*

*Representing Appellant:*
    Bethia D. Kalenak, Kalenak Law, Cody, Wyoming.

*Representing Appellee:*
    Alex H. Sitz III, Meinecke & Sitz, LLC, Cody, Wyoming.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Lelon Tucker (Father) and Nichelle Joiner (Mother) previously came before this Court in *Tucker v. Tucker*, 2022 WY 32, 505 P.3d 198 (Wyo. 2022).  In this appeal Father challenges the district court's order granting Mother's motion for default and making final a temporary child support order from 2018.  Father contends the district court violated his right to due process when it granted Mother's motion prior to the end of his 20-day response window under W.R.C.P. 6(c)(2).  Father also argues the district court abused its discretion when it made the 2018 temporary child support order a final order without first obtaining sufficient financial information under Wyo. Stat. Ann. § 20-2-308 (LexisNexis 2021).  We reverse and remand for further proceedings.

## ISSUES

[¶2]    We state the issues as:

1.  Whether Father timely filed his notice of appeal.

2.  Whether the district court violated Father's right to due process when it granted Mother's motion before Father had an opportunity to respond under W.R.C.P. 6(c)(2).

3.  Whether the district court abused its discretion when it made the 2018 temporary child support order a final order without obtaining sufficient financial information under Wyo. Stat. Ann. § 20-2-308.

## FACTS

[¶3]    Father and Mother married in 2003 and had three children.  *Tucker*, ¶ 3, 505 P.3d at 199.  Their 2013 divorce decree incorporated a written agreement for joint legal custody, for Mother to have primary physical custody, and relieving Father from a child support payment obligation due to his supporting the children in other ways.  *Id.*  We have described the procedural history related to the modification of this agreement as "tortuous and shadowed by inexplicable delay."  *Id.* ¶ 4, 505 P.3d at 199.

[¶4]    In June 2017, the State of Wyoming filed a petition to modify child support.  *Id.* (citing Wyo. Stat. Ann. § 20-2-311(a)).  Then, in January 2018, before the district court ordered any modification, Father filed a petition to modify child custody and support.  *Id.* ¶ 5, 505 P.3d at 199.  The court entered a temporary child support order requiring Father to pay support in February 2018.  The order calculated Father's child support obligation "[b]ased on Father's monthly net income of $2,600, Mother's monthly net income of

1

$2,845, and the custody arrangement[.]" *Id.* ¶ 6, 505 P.3d at 200 (footnotes omitted). It required Father to pay the presumptive child support obligation of $832 per month. *Id.*

[¶5]     The district court held a bench trial on Father's petition in March 2019. *Id.* ¶ 7, 505 P.3d at 200. The court did not issue a written order until March 2020. That order required the parties to update their financial affidavits within 30 days, and to file written proposals addressing their positions on child support calculations and whether Father had arrears or credit based on any support payments. *Id.* ¶ 10, 505 P.3d at 200. Both parties filed updated financial affidavits. *Id.* Mother raised several objections to Father's affidavit primarily asserting he failed to provide the court with sufficient financial information. *See id.* ¶ 17, 505 P.3d at 201.

[¶6]     By March 2021, the court had not entered a new, final child support order. *Id.* ¶ 18, 505 P.3d at 201. Father moved to cease his child support payments, contending his financial circumstances had changed and he had been overpaying since the 2018 temporary child support order. *Id.* The court granted Father's motion and ordered his child support obligation cease until a further order was entered. *Id.* Two months later, the court issued an order modifying child support without addressing Mother's objections. *Id.* ¶ 19, 505 P.3d at 201–02. Mother appealed. *Id.*

[¶7]     In *Tucker*, we reversed and remanded the district court's order, concluding Father's 2020 financial affidavit lacked sufficient information about his finances. *Id.* ¶¶ 26–32, 505 P.3d at 203–04. We instructed the district court on remand to:

> [P]romptly consider the extent to which the State must be included in the proceedings to calculate child support, as the support modification issue first came before the court on the State's petition. The court also should promptly consider how to best calculate child support when so much time has passed, *see*, *e.g.*, *Marquis* [*v. Marquis*], [2020 WY 141,] ¶¶ 7–10, 476 P.3d [212,] 215–16 [(Wyo. 2020)] (separately calculating Father's net income for each year and then averaging them), and carefully explain its calculation. The order should address any objections the parties may raise, any arrears Father may owe or overpayment he may have made, and any unresolved matters related to the State's petition, thus ensuring the order resolves all issues and the record is adequate for any subsequent review.

*Id.* ¶ 32, 505 P.3d at 204.

[¶8]     In May 2022, the district court held a status conference. The conference was not reported, and the court did not issue a written order afterwards. At the conference, the

court apparently ordered the parties to submit updated financial affidavits by June 15 with their proposed child support calculations.

[¶9]     On June 22, Mother filed a motion for default.  In the motion, Mother asserted Father failed to file an updated financial affidavit before the court's deadline.  Mother asked the court to reinstate permanently the 2018 temporary child support order.  On July 1, before Father responded and without a hearing, the court granted Mother's motion, made the 2018 temporary order the final child support order, and required Father to resume child support payments.  The State was not included in any of the proceedings.

[¶10]  On July 11, Father filed a motion to vacate, arguing the district court violated his right to due process by granting Mother's motion before he had a chance to respond within the 20-day window provided by W.R.C.P. 6(c)(2).  Father also argued a contempt order, rather than a default, was the proper remedy in this case.  Lastly, Father argued it was erroneous for the court to make the 2018 temporary child support order the final order because it was based on financial affidavits with the same deficiencies we identified in *Tucker*.  The court took no action on Father's motion.

[¶11]  Father filed his notice of appeal on October 28, 2022.  This Court initially dismissed Father's appeal for lack of jurisdiction, believing it was untimely filed under W.R.A.P. 2.01(a) (requiring a notice of appeal to be filed "within 30 days from entry of the appealable order").  Father moved to reinstate the appeal, arguing that because his motion to vacate alleged multiple legal errors in the district court's order it should be considered a W.R.C.P. 59(e) motion to alter or amend judgment, which tolled his time to appeal under W.R.A.P. 2.02(a).  Father contended his July 11 motion was deemed denied on October 10—90 days under W.R.C.P. 6(c)(4)—and, that the time to appeal did not begin to run until after the denial.  Father therefore asserts his appeal was timely filed on October 28.  Mother objected to Father's motion to reinstate his appeal.

[¶12]  We reinstated the appeal and ordered the parties to brief the jurisdictional issue.

### DISCUSSION

### I.      *Father timely filed his notice of appeal.*

[¶13]  Whether Father timely filed a notice of appeal is jurisdictional.  W.R.A.P. 1.03(a).  Jurisdiction is a threshold matter we review de novo.  *In re LCB*, 2023 WY 23, ¶ 9, 525 P.3d 1030, 1033 (Wyo. 2023) (citation omitted); *Essex Holding, LLC v. Basic Props., Inc.*, 2018 WY 111, ¶ 28, 427 P.3d 708, 716 (Wyo. 2018) (citation omitted).  Father's notice of appeal was timely if it was filed within 30 days from the entry of an appealable order, considering also any applicable tolling period.  W.R.A.P. 2.01(a); *Essex*, ¶ 28, 427 P.3d at 716 (citation omitted).

[¶14]  In civil cases, the time for appeal is tolled "when a party timely files a motion for judgment under . . . **a motion to alter or amend the judgment under [W.R.C.P.] 59**." W.R.A.P. 2.02(a) (emphasis added); *see also Essex*, ¶ 29, 427 P.3d at 716–17 (citation omitted).  Father did not file a notice of appeal within 30 days of the district court's final child support order; however, several days after the order was entered, he filed a motion to vacate.  Father did not cite which rule of civil procedure should govern his motion.  He now contends his motion was a W.R.C.P. 59(e) motion to alter or amend judgment, thus tolling the time for him to appeal under W.R.A.P. 2.02(a).  Mother asserts Father's motion was a W.R.C.P. 60(b) motion seeking relief from judgment, which does not affect when the time for an appeal runs.  *See* W.R.C.P. 60(c)(2).

[¶15]  In *Essex*, this Court was similarly tasked with analyzing whether, for purposes of determining if an appeal was timely filed, an appellant's post-judgment motion was raised under W.R.C.P. 59 or 60.[1]  *See Essex*, ¶ 28, 427 P.3d at 716.  We relied on federal case law as persuasive authority and noted federal courts "look to the nature of 'the relief requested'" to determine whether a motion falls under Rule 59(e) not "whether the movant alleged appropriate grounds for relief[.]"  *Id.* ¶ 36, 427 P.3d at 719 (emphasis omitted) (citing *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010); *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1270 (10th Cir. 2016); *Gulf Power Co. v. Coalsales II, LLC*, 522 F. App'x 699, 710 (11th Cir. 2013)).  We quoted the Tenth Circuit as stating: "Where the motion requests a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label."  *Id.* (quoting *Yost*, 607 F.3d at 1243 (citations omitted)).  "Conversely, if the motion 'raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply'—the motion cannot be characterized as a motion to alter or amend under Rule 59(e)."  *Id.* (quoting *Yost*, 607 F.3d at 1243).

[¶16]  Ultimately, we were persuaded by "the federal approach to identifying motions made under Rule 59(e)[,]" and held:

> [F]or the purpose of tolling the time to appeal a judgment or appealable order in a civil case, a post-judgment motion, however titled, is not a "nullity" and shall be treated as a Rule 59(e) motion if it challenges the merits of the judgment and is filed no later than 28 days after the entry of the judgment.

*Id.* ¶¶ 39–40, 427 P.3d at 720–21.

---

[1] We noted in *Essex* that Wyoming's rules of civil procedure differ from the federal rules in this regard. "[F]ederal courts do not distinguish between Rule 59(e) motions and Rule 60(b) motions for tolling purposes because F.R.A.P. 4—unlike W.R.A.P. 2.02—allows a motion under either rule to toll time." *Essex*, ¶ 36 n.5, 427 P.3d at 719 n.5 (citing F.R.A.P. 4(a)(4)(A)(iv), (vi)).

4

[¶17] Mother contends Father's motion to vacate only raises issues collateral to the substantive merits of the district court's order and thus cannot be categorized as a Rule 59(e) motion. Specifically, Mother points to Father raising issues of due process, default as a remedy, disputed facts, and statutory law as grounds for relief which he had not previously raised. As explained in *Essex*, however, the specific grounds Father raises are not dispositive of the tolling issue. *See Essex*, ¶¶ 34–40, 427 P.3d at 718–21 (overruling our prior case law analyzing the party's asserted grounds for relief under Rule 59(e) as the basis for determining whether a motion tolled the time for appeal).

[¶18] To the extent Mother addresses the nature of the relief Father requested, she contends his motion falls under Rule 60(b) because it did not seek to "alter or amend" the district court's order. Rather, she argues, Father's motion sought to set aside the order. Mother cites *Mantle v. North Star Energy & Construction, LLC*, 2020 WY 125, 473 P.3d 279 (Wyo. 2020) and *Brown v. Jerding*, 2020 WY 123, 472 P.3d 1038 (Wyo. 2020) in support of her argument. Those cases, however, did not address whether a party's post-judgment motion tolled the time to appeal. *See Mantle*, ¶¶ 21–24, 473 P.3d at 28; *Brown*, ¶ 12, 472 P.3d at 1042 ("In *Essex*, we overruled our cases requiring a substantive review of a motion to amend or alter a judgment in order to toll the time for filing an appeal. We did not change the basis for a W.R.C.P. 59(e) motion[.]"). They instead analyzed certain grounds for relief asserted under what were clearly Rule 59(e) motions. *See Mantle*, ¶¶ 21–24, 473 P.3d at 28; *Brown*, ¶ 12, 472 P.3d at 1042.

[¶19] As we stated in *Essex*, "**for the purpose of tolling the time to appeal a judgment or appealable order in a civil case**, a [timely filed] post-judgment motion . . . shall be treated as a Rule 59(e) motion if it challenges the merits of the judgment[.]" *Essex*, ¶ 40, 427 P.3d at 721 (emphasis added). Father's post-judgment motion was timely filed on July 11, 2022. The motion challenged the merits of the district court's order by asserting the court's premature entry of default judgment violated his right to due process and the court's setting of the 2018 child support order as the final order was improper under *Tucker*. The court took no action on the motion, and it was deemed denied on October 10. W.R.C.P. 6(c)(4) ("Any motion, under Rules 50(b) and (c)(2), 52(b), 59 and 60(b), not determined within 90 days after filing shall be deemed denied[.]"). Father timely filed his notice of appeal on October 28. This Court therefore has jurisdiction and we proceed to consider the merits of Father's appeal.

## II. The district court violated Father's right to due process when it granted Mother's motion before his opportunity to respond expired.

[¶20] Whether an individual is afforded due process is a question of law we review de novo. *Ruiz v. Fribourg*, 2022 WY 157, ¶ 18, 521 P.3d 329, 334 (Wyo. 2022) (citation omitted).

5

The party claiming an infringement of his right to due process has the burden of demonstrating both that he has a protected interest and that such interest has been affected in an impermissible way. The question is whether there has been a denial of fundamental fairness.

*Peak v. Peak*, 2016 WY 109, ¶ 7, 383 P.3d 1084, 1087 (Wyo. 2016) (quoting *Brush v. Davis*, 2013 WY 161, ¶ 16, 315 P.3d 648, 653 (Wyo. 2013)). "The touchstones of due process are notice and a meaningful opportunity to be heard. With regard to the amount of process due, we have explained that the notice and the opportunity to be heard must be appropriate to the nature of the case." *Ruiz*, ¶ 18, 521 P.3d at 334 (quoting *Womack v. Swan*, 2018 WY 27, ¶ 20, 413 P.3d 127, 136 (Wyo. 2018)); *see also Goss v. Goss*, 780 P.2d 306, 310 (Wyo. 1989) (discussing due process in the context of family law proceedings) (citations omitted).

[¶21] The Wyoming Rules of Civil Procedure help ensure that litigants are afforded notice and a meaningful opportunity to be heard. *See Abraham v. Great W. Energy, LLC*, 2004 WY 145, ¶ 19, 101 P.3d 446, 455 (Wyo. 2004); *Goss*, 780 P.2d at 310 (citations omitted); *see also Brown*, ¶ 15, 472 P.3d at 1042 n.5 (quoting *In re NRAE*, 2020 WY 121, ¶ 18, 472 P.3d 374, 379, n.4 (Wyo. 2020)); *In re Marriage of Lippel*, 801 P.2d 1041, 1043 (Cal. 1990) (noting California's code of civil procedure satisfies due process requirements in default cases (citing Cal. Civ. Code § 580)).

[¶22] W.R.C.P. 6(c)(2) provides:

> (2) Responses. Except as otherwise provided in Rule 59(c), or unless the court by order permits service at some other time, a party affected by the motion may serve a response, together with affidavits, if any, at least three days prior to the hearing on the motion or within 20 days after service of the motion, whichever is earlier.

We have noted that "[a]bsent a different period of time fixed by rules or the court, a judge may not have discretion to shorten the time for response." *Brown*, ¶ 15, 472 P.3d at 1042 n.5 (quoting *NRAE*, ¶ 18 n.4, 472 P.3d at 379 n.4).

[¶23] Mother filed her motion for default on June 17. The district court did not hold a hearing on Mother's motion and the record does not show the court fixed any specific date shortening the time for Father to respond. Yet, just fourteen days later, on July 1, the court entered an order granting Mother's motion and making the 2018 temporary child support order the final order. The court's order substantially affected Father's rights, requiring him to pay $832 in child support each month based on the calculations in the 2018 order. *See Tucker*, ¶ 6, 505 P.3d at 200.

[¶24] Father has challenged the 2018 temporary child support order throughout the proceedings without the court ever addressing the issues he raised. *See id.*, ¶¶ 6, 14–18, 32, 505 P.3d at 200–01, 204. In his motion to vacate, Father continued to challenge the 2018 order, presumably raising the same objections he would have raised had he been given the opportunity to respond to Mother's motion. He asserted the 2018 order was improper because the court previously found he had primary custody of the children during a portion of 2018, and after the bench trial the court determined Father had parenting time with the children 33.9 percent of time, thus warranting a modification of the presumptive child support. Father also asserted the 2018 order was based on financial affidavits we deemed deficient in *Tucker*. Moreover, the court's failure to enter a written order after the May 16 status conference prevented the State from being notified of the proceedings as *Tucker* instructed on remand.

[¶25] Because the court never considered these issues and denied Father an opportunity to respond to Mother's default motion, and because the 2018 child support order substantially affected Father's rights, Father was denied his right to due process. *See NRAE*, ¶¶ 18–20, 472 P.3d at 379 (holding the father was denied his right to due process when the district court terminated his parental rights after making best-interests-of-the-child findings without giving the father a chance to respond to the state's motion to make such findings); *see also Abraham*, ¶ 19, 101 P.3d at 455 ("By scheduling the hearing on the motions for summary judgment before the deadline for discovery had passed and, thus, not allowing the Abrahams adequate time to prepare and file any other pertinent materials prior to that hearing, they were deprived of the protections to due process afforded by the applicable rules of civil procedure."). The district court must address Father's default response(s) on remand.[2]

### III. The district court abused its discretion when it made the 2018 temporary child support order the final order without obtaining sufficient financial information under Wyo. Stat. Ann. § 20-2-308.

[¶26] We review the district court's final order for an abuse of discretion. *Tucker*, ¶ 20, 505 P.3d at 202; *Lemus v. Martinez*, 2019 WY 52, ¶ 18, 441 P.3d 831, 835 (Wyo. 2019) (*Lemus I*).

> A court does not abuse its discretion unless it acts in a manner
> which exceeds the bounds of reason under the circumstances.
> Our review entails evaluation of the sufficiency of the evidence

---

[2] We decline to address Mother's argument that default was a proper W.R.C.P. 37(b)(2) sanction for Father's failure to file an updated financial affidavit by the court's deadline. We do so because even if default was a proper sanction, the district court still violated Father's right to due process by prematurely granting Mother's motion and abused its discretion by making the 2018 temporary child support order a final order without obtaining sufficient financial information.

7

to support the district court's decision, and we afford the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. Findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence cannot be sustained.

*Tucker*, ¶ 20, 505 P.3d at 202 (quoting *Lemus v. Martinez*, 2021 WY 66, ¶ 32, 486 P.3d 1000, 1011 (Wyo. 2021) (*Lemus II*)). The district court's discretion is necessarily guided by the applicable child support statutes. *Hehn v. Johnson*, 2022 WY 71, ¶ 27, 511 P.3d 459, 464 (Wyo. 2022) (citation omitted).

[¶27] Wyo. Stat. Ann. § 20-2-308(a) specifies the information the district court must have before establishing or modifying child support. *Tucker*, ¶ 24, 505 P.3d at 203. It states: "No order establishing or modifying a child support obligation shall be entered unless financial affidavits on a form approved by the Wyoming supreme court which fully discloses the financial status of the parties have been filed, or the court has held a hearing and testimony has been received." Wyo. Stat. Ann. § 20-2-308(a). In addressing the documentation required to support a financial affidavit, subsection (b) provides:

> Financial affidavits of the parties shall be supported with documentation of both current and past earnings. Suitable documentation of current earnings includes but is not limited to pay stubs, employer statements, or receipts and expenses if self-employed. Documentation of current earnings shall be supplemented with copies of the most recent tax return to provide verification of earnings over a longer period.

Wyo. Stat. Ann. § 20-2-308(b). This statute's requirements are mandatory. *Tucker*, ¶ 24, 505 P.3d at 203 (quoting *Lemus I*, ¶ 21, 441 P.3d at 836). The court cannot "fall back on a failure of proof" but must "ensure the parties provide sufficient financial information, in the form of proper financial affidavits and/or trial evidence, before it makes a child support determination." *Id.* ¶ 25, 505 P.3d at 203 (quoting *Lemus I*, ¶ 26, 441 P.3d at 837).

[¶28] Where, as here, Father failed to file the required, updated financial affidavit, and thus cannot be heard to complain that his failure to comply deprived him of an accurate child support calculation, *Fleet v. Guyette*, 2020 WY 78, ¶ 37, 466 P.3d 812, 822 (Wyo. 2020) (quoting *Long v. Long*, 2018 WY 26, ¶ 30, 413 P.3d 117, 127 (Wyo. 2018)), the court has several options by which it may obtain the information necessary to calculate Father's income, "including the option 'to calculate income from evidence provided by the other parties.'"[3] *Id.* (quoting *Lemus I*, ¶ 26 n.6, 441 P.3d at 837 n.6). The problem in this

---

[3] As explained in *Hehn* and *Lemus I*:

case is that the court pursued none of those options.  Nor did the court indicate whether the 2018 child support calculations reflected the current financial status of either parent. Finally, as noted above, we gave the district court specific instructions on the prior remand. Those matters remain unaddressed.  *Supra*, ¶ 7; *see Tucker*, ¶ 32, 505 P.3d at 204.  Under these circumstances, the court's inaction exceeded the bounds of reason.

[¶29]  Mother asserts the 2018 child support order is supported by prior facts in the record. What the record shows, however, is that the 2018 order was not based on the parties' current financial status.  *See* Wyo. Stat. Ann. § 20-2-308(b) (requiring documentation of "current earnings").

[¶30]  In 2018, the court determined Father's monthly net income was $2,600 and Mother's monthly net income was $2,845.  *Id.* ¶ 6, 505 P.3d at 200.  Mother has submitted at least two updated financial affidavits since then, which reflect significantly different monthly net incomes.  *See id.* ¶¶ 10, 13, 505 P.3d at 200–201.  Mother filed the first updated financial affidavit in 2020 and calculated her monthly net income as $3,119.  *Id.* ¶ 13, 505 P.3d at 201.  Following this Court's remand, Mother filed another updated financial affidavit, reporting her monthly net income as $1,617.67.  Father submitted a financial affidavit in 2020 which, albeit deemed deficient on appeal, reported his monthly net income as $2,019.  *Id.* ¶¶ 10–11, 26–32, 18, 505 P.3d 200–01, 203–04.  Father has not filed any subsequent financial updates.  Consequently, the 2018 temporary child support order is not based on either party's current financial information, and the court lacked sufficient financial information to calculate child support under Wyo. Stat. Ann. § 20-2-308.

## *CONCLUSION*

[¶31]  Father timely filed his notice of appeal under W.R.A.P. 2.01(a).  The district court violated Father's right to due process when it granted Mother's motion for default without providing Father his 20-day opportunity to respond under W.R.C.P. 6(c)(2).  The district court also abused its discretion when it made the 2018 temporary child support order the final order without obtaining sufficient financial information under Wyo. Stat. Ann. § 20-

---

(1) the court may find adequate information to calculate income from evidence provided by the other parties; (2) the court may order the filing of a complete financial affidavit and enforce that order by contempt; and/or (3) the court may award attorney fees to the GAL and opposing side for the costs of obtaining complete financial information. *See, e.g.*, [*Long*, ¶ 30, 413 P.3d at 126–27] (other evidence established the husband's income); *Walker v. Walker*, 2013 WY 132, ¶ 39, 311 P.3d 170, 178 (Wyo. 2013) (courts have authority to enforce their orders through contempt sanctions); W.R.C.P. 37 (sanctions for failure to comply with discovery obligations).

*Hehn*, ¶ 30 n.6, 511 P.3d at 465 n.6 (quoting *Lemus I*, ¶ 26 n.6, 441 P.3d at 837 n.6).

2-308.  We therefore reverse the district court's child support order and remand for further proceedings consistent with this decision and *Tucker*, 2022 WY 32, 505 P.3d 198.