# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 131

OCTOBER TERM, A.D. 2025

December 11, 2025

RUSS ROPKEN and DEBI ROPKEN,

Appellants
(Defendants),

v.

S-25-0001

YJ CONSTRUCTION, INC., a Wyoming
corporation,

Appellee
(Plaintiff).

*Appeal from the District Court of Park County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellant:*
M. Jalie Meinecke, Meinecke & Sitz, LLC, Cody, Wyoming.  Argument by Ms. Meinecke.

*Representing Appellee:*
Scott Stinson, Stinson Law Group, P.C., Cody, Wyoming.  Argument by Mr. Stinson.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL, Justice.**

[¶1]    After a jury awarded YJ Construction (YJ) damages for Russ and Debi Ropkens' (the Ropkens) failure to pay for partial construction of a custom home, YJ asked the district court to award it prejudgment interest at the statutory rate.  The district court awarded YJ the interest without conducting a hearing.  The Ropkens appeal the prejudgment interest order.  We affirm.

## ISSUES

[¶2]    The Ropkens present three issues, which we consolidate and rephrase as:

I.      Did the district court err when it awarded prejudgment interest?

II.     Did the district court violate the Ropkens' due process rights when it awarded prejudgment interest to YJ without conducting an evidentiary hearing on the merits?

## RELEVANT FACTS

[¶3]    In the summer of 2021, Russ and Debi Ropken asked YJ to construct them a custom home.  YJ agreed to do so and, based upon an oral agreement, began constructing the home in September of 2021.  YJ submitted invoices to the Ropkens for services performed and materials provided, and for a time the Ropkens paid each one.  However, beginning with the May 2022 invoice, the Ropkens stopped paying YJ.  Subsequently, in July of 2022, the Ropkens removed YJ from the construction site.

[¶4]    On October 24, 2022, YJ provided the Ropkens with a demand letter, notifying them they still owed $276,169 for three unpaid invoices, which were attached to the demand letter.  After receiving the demand letter, the Ropkens continued to refuse to pay YJ for these invoices.  YJ filed suit against the Ropkens for payment of the three unpaid invoices.

[¶5]    At the summary judgment stage of the case and in their pretrial memorandum, the Ropkens admitted they owed YJ at least $176,870.21.  A five-day jury trial was held, at the conclusion of which the jury found YJ and the Ropkens had a valid contract and the Ropkens breached it without excuse.  In relevant part, the jury further found damages in the amount of $258,587.70 to "fully and fairly" compensate YJ for the work it completed but was not paid.

[¶6]    On August 28, 2024, the district court ordered entry of judgment against the Ropkens in the amount of $258,587.70.  The district court's order allowed YJ to request costs and/or prejudgment interest within 21 days of the clerk's entry of judgment.  YJ timely filed its motion for prejudgment interest, and the Ropkens timely filed an objection.

1

The Ropkens also paid the judgment on November 4, 2024. After considering the parties' briefing and arguments, as well as the entire file, the district court awarded $33,473.25 in prejudgment interest to YJ. The district court calculated the interest by applying the statutory rate of 7% to the $258,587.70 jury award. The Ropkens appeal.

## ISSUE I

Did the district court err when it ordered prejudgment interest?

## STANDARD OF REVIEW

[¶7] "Whether a district court is entitled to award prejudgment interest in a case is a question of law reviewed de novo; whether prejudgment interest should be awarded is reviewed for an abuse of discretion." *Fuger v. Wagoner*, 2024 WY 73, ¶ 19, 551 P.3d 1085, 1091–92 (Wyo. 2024) (citing *Hanft v. City of Laramie*, 2021 WY 52, ¶ 87, 485 P.3d 369, 392 (Wyo. 2021). In our review of whether the district court abused its discretion, we ask whether the district court reasonably could have concluded as it did. *Fuger*, ¶ 18, 551 P.3d at 1091 (citing *Deede v. Deede*, 2018 WY 92, ¶ 7, 423 P.3d 940, 942 (Wyo. 2018)). To determine whether the district court's decision was reasonable, we consider the evidence in the light most favorable to the district court's decision, affording every favorable inference to the prevailing party and omitting from our consideration the conflicting evidence. *Id.* (citing *Evans v. Sharpe*, 2023 WY 55, ¶ 26, 530 P.3d 298, 307 (Wyo. 2023)). The appellant bears the burden of showing an abuse of discretion. *Dutka v. Dutka,* 2023 WY 64, ¶ 11, 531 P.3d 310, 314 (Wyo. 2023).

## DISCUSSION

[¶8] The Ropkens assert the district court erred when it awarded YJ prejudgment interest for two primary reasons. First, they argue the district court was not the trier of fact in the case and therefore didn't have authority to order prejudgment interest because prejudgment interest must be determined by the trier of fact. Second, the Ropkens argue the district court abused its discretion by finding YJ had met its burden of proving it was entitled to prejudgment interest.

[¶9] Prejudgment interest is an accepted measure of damages to compensate for the lost use of money. *Lew v. Lew*, 2019 WY 99, ¶ 20, 449 P.3d 683, 688 (Wyo. 2019); *Stewart Title Guar. Co. v. Tilden*, 2008 WY 46, ¶ 28, 181 P.3d 94, 103–04 (Wyo. 2008). The theory behind allowing prejudgment interest is to fully compensate an injured party for the economic value of the loss of the ability to use the owed money during the period between the accrual of the claim and the date of judgment. *Universal Drilling Co., LLC v. R & R Rig Serv., LLC*, 2012 WY 31, ¶ 46, 271 P.3d 987, 1000 (Wyo. 2012) (citing *Pennant Serv. Co. v. True Oil Co.*, 2011 WY 40, ¶ 36, 249 P.3d 698, 711); *see also Stewart Title*, ¶ 28, 181 P.3d at 103–04. Because money has the ability to reproduce in terms of earning

2

interest, withholding interest causes an economic harm from the lost use of the injured party's capital. *Rissler & McMurry Co. v. Atl. Richfield Co.*, 559 P.2d 25, 32 (Wyo. 1977).

[¶10]  "Prejudgment interest is available if a two-part test is met: (1) the claim must be liquidated, as opposed to unliquidated, meaning it is readily computable via simple mathematics; and (2) the debtor must receive notice of the amount due before interest begins to accumulate." *Fuger*, ¶ 30, 551 P.3d at 1094 (quoting *KM Upstream, LLC v. Elkhorn Constr., Inc.*, 2012 WY 79, ¶ 45, 278 P.3d 711, 727 (Wyo. 2012)).  "[I]n the absence of a contractual agreement to a different percentage, the appropriate measure of prejudgment interest is the seven percent per annum stated in Wyo. Stat. Ann. § 40-14-106(e)." *Lew*, ¶ 20, 449 P.3d at 688 (quoting *KM Upstream*, ¶ 45, 278 P.3d at 727).

**The district court was authorized to consider YJ's eligibility for prejudgment interest**

[¶11]  We have not previously had the occasion to specifically consider whether a court may order prejudgment interest when a jury, not the court, was the trier of fact.  As the Ropkens concede, no Wyoming statutes require or imply that prejudgment interest must be decided by the trier of fact, and no Wyoming cases expressly discuss the matter.  Instead, Wyoming case law implies that district courts have the authority to award prejudgment interest notwithstanding the fact that a jury, not the court, awarded the damages.  Our standard of review, cited above, speaks only in terms of reviewing a *court's* award of prejudgment interest, without regard to whether it was the trier of fact.

[¶12]  In *Rissler & McMurry*, a jury awarded damages to Rissler based on a breach of oral contract claim and Rissler, post-verdict, asked the district court for prejudgment interest.  The court denied the request.  After concluding the damages were liquidated, this Court then discussed the issue of whether the jury should have determined the prejudgment interest request or whether the district court could make that decision.  We noted that the jury was not instructed on the matter of interest, neither party requested such an instruction, and there was nothing in the record to suggest interest was included in the amount of the verdict. *Rissler & McMurry*, 559 P.2d at 34.  We stated,

> The right to interest followed as a matter of law and did not involve any question of fact. *Wyoming Constr. Co. v. Western Cas. & Sur. Co.*, [275 F.2d 97 (10th Cir. 1960), *cert. den.*, 362 U.S. 976, 80 S.Ct. 1061, 4 L.Ed.2d 1011]. *See also Engelberg v. Sebastiani*, 1929, 207 Cal. 727, 279 P. 795, stating that there is no question of fact for a jury to decide, no function of the jury is usurped, interest is incident to an award of the contract price and the plaintiff should not be mulcted of a part of his rightful judgment.

*Id.*  We then held Rissler was entitled to prejudgment interest as a matter of law from the two defendants.  Thus, the inference from *Rissler & McMurry* is that a district court is

3

authorized to consider and award prejudgment interest even when the case is tried by a jury because the interest does not involve a question of fact.

[¶13]   In *Cargill, Inc. v. Mountain Cement Co.*, 891 P.2d 57 (Wyo. 1995), the jury awarded damages to Mountain Cement Company and Salt Creek Welding.  Post-verdict, Mountain Cement asked the district court to award it prejudgment interest.  The district court denied the request.  On appeal, this Court agreed with the district court's denial of prejudgment interest on the basis that damages were not liquidated, not because the district court had no authority to consider and award prejudgment interest when it was not the trier of fact.  *Id.* at 66.

[¶14]   In *Stocki v. Nunn*, 2015 WY 75, 351 P.3d 911 (Wyo. 2015), after a jury verdict for damages, Stocki asked the district court for an award of prejudgment interest in his proposed judgment.  *Id.* at ¶ 94, 351 P.3d at 935.  Nunn objected and the district court denied Stocki's request, finding Stocki was not entitled to prejudgment interest.  *Id.*  The district court explained it denied prejudgment interest because it was impossible to tell from the jury's verdict what portion of the award was attributable to the medical expenses Plaintiff presented to the liability insurer.  *Id.*  We found no error in the district court's ruling because it was not possible to determine from the jury's verdict what portion of the medical expenses were included in the award.  *Id.*, ¶ 96, 351 P.3d at 936.  In a footnote, we noted that the record itself did not contain a sufficient basis for this Court to separate out the liquidated damages that were presented to the insurer from the unliquidated damages.  *Id.* at ¶ 96 n.3, 351 P.3d at 936 n.3.  Again, we did not conclude that the district court was precluded from determining the prejudgment interest issue because it had not been the trier of fact.

[¶15]   In *Hanft*, a jury returned a verdict awarding the plaintiff approximately $280,000 for lost wages, lost benefits, and out-of-pocket costs for health insurance.  *Hanf*, ¶¶ 16–17, 485 P.3d at 377–78.  Post-verdict, the plaintiff asked the district court for an award of pre- and post-judgment interest, attorney fees, and costs.  The district court ultimately denied both pre- and post-judgment interest, but it did not base its denial of prejudgment interest on being precluded from awarding it because a jury had decided the case.  *Id.* at ¶ 18, 485 P.3d at 378.

[¶16]   On appeal, we addressed the district court's denial of  prejudgment interest.  *Id.*, ¶¶ 86–91, 485 P.3d at 392–93.  Importantly, in our analysis we again did not say the plaintiff's claim failed because district courts in Wyoming are precluded from awarding prejudgment interest when a jury has decided the case.  Had we said that, the analysis would have been brief, with no need to discuss additional prejudgment interest principles.  Instead, we first reiterated the rule of law that a party does not waive its request for prejudgment interest by omitting it from his complaint, and thus, the district court had erred in denying the *Hanft* plaintiff's request on that basis.  *Id.* at ¶ 90, 485 P.3d at 393 (citing *Halling v. Yovanovich*, 2017 WY 29, ¶ 33, 391 P.3d 611, 622 (Wyo. 2017)).  Overall,

4

however, we concluded the district court did not abuse its discretion in denying prejudgment interest because the plaintiff, "made no effort to show which of the damages awarded in the different verdict categories were readily computable via simple mathematics, at what point they were liquidated, or when the City had notice of them." *Id.* at ¶ 91, 485 P.3d at 393. In other words, we found the plaintiff had failed to satisfy the two-part prejudgment interest test. Again, the inference that can be drawn from our *Hanft* analysis is a district court is authorized to consider a party's eligibility for prejudgment interest, and award or deny the interest, even when it is not the trier of fact.

[¶17] In addition to these cases implying a court can consider and award prejudgment interest regardless of whether it is the trier or fact, we could find no cases where we have held that a district court is *not* authorized to consider and award prejudgment interest if it was not the trier of fact in the case. Nor has the Court ever required opposing parties to agree that the question of prejudgment interest would be reserved to the district court when the case is being decided by a jury before the court could consider and award prejudgment interest.

[¶18] From the foregoing, it is evident we have never suggested that prejudgment interest must be determined by the trier of fact. Instead, we have implied that a district court in Wyoming has authority to determine a party's eligibility for prejudgment interest, even when it is not the trier of fact. Notwithstanding this history, the Ropkens argue that district courts do not have authority to award prejudgment interest if they are not the trier of fact.

[¶19] They support their argument with cases from Rhode Island, Louisiana, Florida, and Virginia. These cases are not directly on point to the issue before us primarily due to statutory and procedural differences in those states. After acknowledging these dissimilarities, the Ropkens simply assert the rule should be the same in Wyoming, even in the absence of a statute or case law mandating it. We are unpersuaded by the Ropkens' argument and their cited cases, and we decline to adopt their suggested new rule of law for Wyoming. We further take this opportunity to expressly state that a district court has authority to and may consider and award prejudgment interest even when it is not the trier of fact. Therefore, the district court had authority to consider whether YJ was entitled to an award of prejudgment interest.

**The district court did not err when it found YJ had met its burden of proving it was entitled to prejudgment interest**

[¶20] The Ropkens next argue that the district court erred by finding YJ had met its burden of proving it was entitled to prejudgment interest. We determine this issue by applying our two-part prejudgment interest test: (1) the claim must be liquidated, as opposed to unliquidated, meaning it is readily computable via simple mathematics; and (2) the debtor must receive notice of the amount due before interest begins to accumulate. *Fuger*, ¶ 30, 551 P.3d at 1094. Prejudgment interest is appropriate for claims that are compensatory in

5

nature. *Thorkildsen v. Belden*, 2012 WY 8, ¶ 8, 269 P.3d 421, 423 (Wyo. 2013); *Pennant*, ¶ 36, 249 P.3d at 711; *Stewart Title*, ¶ 28, 181 P.3d at 104. We have approved the award of prejudgment interest on liquidated sums in breach of contract actions. *Pennant*, ¶ 39, 249 P.3d at 711 (citing *Wells Fargo Bank Wyoming, N.A. v. Hodder*, 2006 WY 128, ¶ 60, 144 P.3d 401, 420–21 (Wyo. 2006)); *see also Millheiser v. Wallace*, 2001 WY 40, ¶ 11, 21 P.3d 752, 755 (Wyo. 2001).

[¶21] A mere difference of opinion as to the amount due or as to liability does not preclude prejudgment interest if the amount sought to be recovered is a sum certain, and the party from whom payment is sought receives notice of the amount sought. *Pennant*, ¶ 40, 249 P.3d at 712 (citing *Laramie Rivers Co. v. Pioneer Canal Co.*, 565 P.2d 1241, 1245 (Wyo. 1977)). A dispute as to liability does not make the claim unliquidated. *Bueno v. CF & I Steel Corp.*, 773 P.2d 937, 940 (Wyo. 1989). If damages were not considered liquidated until such time as judgment was rendered, there would be no such thing as a liquidated claim, and prejudgment interest could never be imposed. *Stewart Title*, ¶ 27, 181 P.3d at 103. As a corollary to this, if a party making a counter-claim for damages rendered the plaintiff's damages claim unliquidated, prejudgment interest could never be imposed.

[¶22] A claim is considered liquidated when it is easily ascertainable and readily computable by basic, simple mathematical calculation. *Fuger*, ¶ 32, 551 P.3d at 1094; *Thorkildsen*, ¶ 8, 269 P.3d at 423. "An unliquidated claim can be converted into a liquidated claim if the amount claimed can be determined, *inter alia*, 'without reliance on opinion or discretion.'" *Thorkildsen*, ¶ 8, 269 P.3d at 423 (quoting *Cargill*, 891 P.2d at 66); *see also Rissler & McMurry*, 559 P.2d at 33. In addition, "[e]ven though the existence of an unliquidated counterclaim or set-off necessarily puts the amount payable in doubt, it is well settled that it does not render the claim itself uncertain or deprive the claimant of the right to prejudgment interest." *Fuger*, at ¶ 32, 551 P.3d at 1094 (citing *Holst v. Guynn*, 696 P.2d 632, 635 (Wyo. 1985)). When an amount is readily computable from invoices, it is undisputed that the claim is liquidated. *See Bowles v. Sunrise Home Ctr., Inc.*, 847 P.2d 1002, 1006 (Wyo. 1993). This is instructive in our case, as the amount YJ sought to recover from the Ropkens was based upon three unpaid invoices.[1]

[¶23] Throughout this case, YJ consistently claimed that the Ropkens owed them for three unpaid invoices in the amount of $276,169 for the construction work they had completed on the custom home before they were ejected from the property. From the time YJ sent the Ropkens the third invoice through trial, YJ never wavered from claiming the Ropkens owed it $276,169. YJ asserted it was owed this amount: 1) in the original complaint; 2) in the first amended complaint; 3) in the second amended complaint; 4) in the October 24, 2022 demand letter to the Ropkens' counsel; 5) at the summary judgment stage; and 6) as the amount it sought to recover at trial for its breach of contract claim. The Ropkens have

---

[1] These invoices were not made part of the record on appeal.

6

never disputed that the three unpaid invoices totaled $276,169.  The amount YJ asserted it was owed was a "sum certain."

[¶24]  The district court found that the Ropkens admitted at the summary judgment stage, and again when they were getting close to the trial date, that they owed YJ $176,870.21 for work it had completed.  The Ropkens, therefore, agreed they owed YJ a portion of the $276,169 but disputed the entire amount.  This is a "mere difference of opinion as to the amount due" and does not preclude prejudgment interest since the amount sought to be recovered by YJ was a sum certain.  *See Pennant*, ¶ 40, 249 P.3d at 712 (citing *Laramie Rivers*, 565 P.2d at 1245); *KM Upstream*, ¶ 46, 278 P.3d at 727 (citing *Wells Fargo*, ¶ 61, 144 P.3d at 421).  "'[T]he existence of a dispute over the whole or part of the claim should not change the character of the claim from one for a liquidated, to one for an unliquidated sum. . . .'"  *Universal Drilling*, ¶ 47, 271 P.3d at 1001 (quoting *Rissler & McMurry*, 559 P.2d at 33).

[¶25]  The Ropkens argue that the amount could not be considered liquidated because the jury did not award the full $276,169.  Instead, the jury found that $258,587.70 "fully and fairly" compensated YJ for the work it had completed.  In its order on prejudgment interest, the district court notes the jury award was $17,581.30 less than the $276,169 sought in YJ's complaint and demand letter.  The court reasons that the jury intended the $17,581.30 difference to be a set-off against the damages.  It is not precise to characterize this amount as "set-off" as the jury did not find that YJ owed anything to the Ropkens and "set-off" is a concept used to account for amounts owed to the other party.  *See Mantle v. N. Star Energy & Constr., LLC*, 2020 WY 125, ¶ 27, 473 P.3d 279, 286 (Wyo. 2020) (discussing set-off).  Nevertheless, it is clear the jury did not award the full $276,169 YJ sought and reduced that amount for some reason.

[¶26]  Unfortunately, we cannot determine what that reason was because the Ropkens did not include a sufficient record on appeal.  We need a sufficient record in order to further review this issue.  *See Vogt v. MBNA Am. Bank*, 2008 WY 26, ¶¶ 12-13, 178 P.3d 405, 409 (Wyo. 2008).  Further review is hindered by the Ropkens' failure to designate the trial transcript and other relevant and pertinent documents as part of the record on appeal.  *See Pokrovskaya v. Van Genderen*, 2025 WY 50, ¶ 36, 567 P.3d 1172, 1182 (Wyo. 2025); *Rush v. Golkowski*, 2021 WY 27, ¶ 16, 480 P.3d 1174, 1178 (Wyo. 2021).  It is well established that the appellant bears the responsibility of bringing forth a sufficient record for the Court's review.  *Pokrovskaya*, ¶ 36, 567 P.3d at 1182; *Rush*, ¶ 16, 480 P.3d at 1178; *see also Adams v. Gallegos*, 2025 WY 71, ¶ 9, 571 P.3d 337, 339 (Wyo. 2025).  When an appellant does not, we assume the district court's orders and rulings were correct, and summarily affirm the district court's decision.  *Pokrovskaya*, ¶ 36, 567 P.3d at 1182; *Rush*, ¶ 16, 480 P.3d at 1178; *Knezovich v. Knezovich*, 2015 WY 6, ¶ 9, 340 P.3d 1034, 1036 (Wyo. 2025).  To the extent we can assess the district court's ruling based on the limited record before us, we shall do so; otherwise, we will summarily affirm.  *Rush,* ¶ 16, 480 P.3d at 1178.

[¶27]   In this instance, the record does not include a properly authenticated transcript of the proceedings or other helpful exhibits, in particular, the invoices upon which the $276,169 was based.  It is entirely possible there were details in those documents that provide a reasonable explanation about why the jury did not award the full $276,169.  We simply do not know.  The district court had those documents and heard the testimony and may have understood that reason even though it imprecisely referred to the reduction as set-off.  Again, we simply do not know, and because we do not know, we assume the district court's orders and rulings were correct.  Where a proper record is not provided, we assume the district court's orders and rulings are correct.  *Freer v. Freer*, 2024 WY 118, ¶ 7, 558 P.3d 951, 953–54 (Wyo. 2024) (citing *Knezovich*, ¶ 8, 340 P.3d at 1036; and *Martin v. DeWitt*, 2014 WY 112, ¶ 5, 334 P.3d 123, 126 (Wyo. 2014)).

[¶28]   The district court concluded the amount YJ sought to recover from the Ropkens for work completed as requested in the complaint and demand letter was liquidated and remained liquidated despite any reduction found by the jury.  The district court found YJ's damage claim request was easily computable by simple mathematics, and that these damages were easily discernable and established with a reasonable degree of certainty from the special verdict form.  Without a sufficient record, the Ropkens provide us with no persuasive reason to disturb this finding.

[¶29]   The district court also did not err in its calculation of the amount of prejudgment interest owed.  The Ropkens argue that the amount owed was only liquidated when the jury determined the amount owed.  Prejudgment interest generally is computed from the time notice is given of the claim.  *Millheiser*, ¶ 10, 21 P.3d at 755; *Rissler & McMurry*, 559 P.2d at 34.  Logically, this timing makes sense because of the nature of prejudgment interest.  As noted above, prejudgment interest is intended to reimburse the injured party for the loss of use of the money owed during the period between the accrual of the claim and the date of judgment.  *Universal Drilling*, ¶ 46, 271 P.3d at 1000–01; *Pennant*, ¶ 36, 249 P.3d at 711.  Accordingly, calculating prejudgment interest from the time there is an award of damages at trial defeats the very purpose of prejudgment interest and essentially converts the prejudgment interest amount to post judgment interest.

[¶30]   Notice of the amount due is typically achieved by some form of a demand.  *Fuger*, ¶ 31 n.3, 551 P.3d at 1094 n.3 (citation omitted).  For instance, a party is notified of the claim when it receives a written billing statement for a fixed amount.  *See Pennant*, ¶ 40, 249 P.3d at 712 (citing *Laramie Rivers*, 565 P.2d at 1245).  The district court found that the Ropkens had notice of the liquidated damage claim when YJ sent its demand letter on October 24, 2022.  To reiterate, the demand letter, which is included in the record on appeal, discussed the three unpaid invoices YJ had previously sent to the Ropkens.  These invoices were apparently numbered 88, 91, and 94.  The demand letter states that the total amount of the three unpaid invoices is $276,169.  The Ropkens did not argue below, nor do they argue on appeal, that they did not receive the October 24, 2022, demand letter or

invoices. We therefore conclude that the district court did not err in finding that the Ropkens had notice of the liquidated damages as of the October 24, 2022, demand letter.

[¶31] We also cannot find fault in the methodology the district court used to determine the amount of prejudgment interest to which YJ was entitled. The jury awarded YJ $258,587.70 in damages. Because the damages were based on an oral contract having no agreement or provision for prejudgment interest, the appropriate interest rate was seven percent (7%) per annum. *See* Wyo. Stat. Ann. § 40-14-106(e) (West); *Lew*, ¶ 20, 449 P.3d at 688 (citing *KM Upstream*, ¶ 45, 278 P.3d at 727). The district court determined that the Ropkens owed YJ prejudgment interest for 675 days. Using simple mathematic calculations and computations, the district court concluded the Ropkens owed YJ $33,473.25 in prejudgment interest. The district court did not abuse its discretion in doing so.

[¶32] Because we have concluded that the district court did not err in finding that YJ's claim for damages were liquidated and that the Ropkens had notice of the requested amount due, the district court properly awarded YJ prejudgment interest. YJ was entitled to be compensated for the loss of the use of the money owed to it from the time the claim accrued until the date of judgment. *Universal Drilling*, ¶ 46, 71 P.3d at 987; *Pennant*, ¶ 36, 49 P.3d at 711; *Stewart Title*, ¶ 28, 181 P.3d at 103–04. In summary, we find the district court did not err when it awarded YJ $33,473.25 in prejudgment interest.

## ISSUE 2

[¶33] Did the district court violate the Ropkens' due process rights when it awarded prejudgment interest to YJ without conducting an evidentiary hearing on the merits?

## STANDARD OF REVIEW

[¶34] The "question of whether an individual was afforded constitutional due process is one of law, which we review de novo." *Int. of JF*, 2025 WY 14, ¶ 31, 562 P.3d 853, 863 (Wyo. 2025) (quoting *Matter of NRAE*, 2020 WY 121, ¶ 12, 472 P.3d 374, 377–78 (Wyo. 2020)); *Booth v. Booth*, 2019 WY 5, ¶ 11, 432 P.3d 902, 907 (Wyo. 2019). We have explained the standard as follows: "The party claiming an infringement of his right to due process has the burden of demonstrating both that he has a protected interest and that such interest has been affected in an impermissible way. The question is whether there has been a denial of fundamental fairness." *JF*, ¶ 31, 562 P.3d at 863 (quoting *NRAE*, ¶ 12, 472 P.3d at 377); *Tucker v. Tucker*, 2023 WY 62, ¶ 20, 530 P.3d 1084, 1089 (Wyo. 2023).

## DISCUSSION

[¶35] "The touchstones of due process are notice and the opportunity to be heard, which must be appropriate and proportional to the nature of the case." *JF*, ¶ 31, 562 P.3d at 863

9

(quoting *NRAE*, ¶ 12, 472 P.3d at 377); *Matter of Gustke*, 2024 WY 38, ¶ 22, 545 P.3d 863, 869 (Wyo. 2024). "[T]he process due at any given time must reflect the nature of the proceedings and the interests involved." *Gustke*, ¶ 22, 545 P.3d at 869; *Tracy v. Tracy*, 2017 WY 17, ¶ 30, 388 P.3d 1257, 1264 (Wyo. 2017). To satisfy due process, "[t]he opportunity to be heard must be meaningful." *Gustke*, ¶ 22, 545 P.3d at 869; *Womack v. Swan*, 2018 WY 27, ¶ 20, 413 P.3d 127, 136 (Wyo. 2018).

[¶36] The Ropkens did not raise their due process claim in the district court below. "We normally do not consider issues not raised or argued in the district court, except for those issues which are jurisdictional or are fundamental in nature." *Matter of Guardianship of DEP*, 2021 WY 122, ¶ 19, 497 P.3d 928, 931 (Wyo. 2021) (quoting *Rush*, ¶ 35, 480 P.3d at 1182). "Simply asserting that there is a constitutional violation does not make an issue fundamental in nature." *DEP*, ¶ 19, 497 P.3d at 931; (quoting *Rush*, ¶ 35, 480 P.3d at 1182); *Crofts v. State ex rel. Dep't of Game & Fish*, 2016 WY 4, ¶ 24, 367 P.3d 619, 625 (Wyo. 2016); *Womack*, ¶ 11 n.2, 413 P.3d at 133 n.2. The Ropkens have not asserted a due process claim of such a fundamental nature that we will consider it for the first time on appeal.

[¶37] Furthermore, in its entry of judgment order, the district court allowed YJ to request costs and/or prejudgment interest within 21 days of the district court clerk's entry of judgment. YJ took the opportunity to do so, filing a motion and brief requesting prejudgment interest. The Ropkens filed an objection to YJ's prejudgment interest request, which was essentially a brief laying out the same two arguments they make on appeal. YJ's motion was "notice" to the Ropkens that it was requesting prejudgment interest; the Ropkens objection and brief was its "meaningful opportunity to be heard." The record does not contain any indication that the Ropkens requested a hearing on the prejudgment interest matter, nor do they assert that they did request one. Without more, even if we were to fully consider the matter, we cannot envision that the record would support a violation of due process.

## CONCLUSION

[¶38] On the record before us, we cannot say that the trial court erred in its award of prejudgment interest. We decline to consider the Ropkens' due process violation. We, therefore, affirm.